**Kenneth COALSON et al., Relators,**

v.

**CITY COUNCIL OF VICTORIA,**
**Texas, Respondent.**

No. B–9958.

Supreme Court of Texas.

Dec. 31, 1980.

Eric Andrew Samuelson, Austin, for relators.

Roland Carlson, City Atty., Richard L. Bilbie, Asst. City Atty., Victoria, for respondent.

POPE, Justice.

Relators seek an original mandamus from this court ordering the Victoria City Council to submit a proposed charter amendment to the public for a vote. Relators have complied with Tex.Rev.Civ.Stat.Ann. art. 1170 [1]

---

1. Art. 1170. Amendments

When the governing body desires to submit amendments to any existing charter, said body may on its own motion, in the absence of a petition, and shall, upon receiving a petition signed by qualified voters in such city, town or political subdivision in number not less than five per cent (5%) thereof or 20,000 signatures, whichever is less, submit any proposed amendment or amendments to such charter. The ordinance providing for the submission of such amendment or amendments shall require the submission thereof at an election to be held not less than thirty (30) days nor more than ninety (90) days after the passage of said ordinance. If the next regular municipal election is to be held during said period, the submission of said amendment or amendments shall be at such election. Otherwise, a special election shall be called for the purpose.

which entitles them to the relief they seek. We granted the writ of mandamus on December 17, 1980, after hearing the arguments of the relators and respondents, and directed that no motion for rehearing would be entertained. Rule 515, Tex.R.Civ.P.

Relators are members of the Victoria Political Action League, a non–profit, unincorporated association. The League members are registered voters of the City of Victoria. The respondents are the Honorable Robert Hobbs, Mayor of Victoria, and the members of the Victoria City Council. The Political Action League had obtained and submitted to the City Secretary the signatures of 1,300 qualified voters who petitioned the Victoria City Council to submit a proposed charter amendment for a vote.[2] The City Secretary on August 4, 1980, certified that the League's petition was in proper form and in compliance with the local and State laws, it contained the number of valid signatures required by article 1170, and the petition was sufficient. There was nothing else that the League could do, except to request the Council to submit the proposed amendment to the vote of the people. This request the League has repeatedly made.

The Victoria City Council, instead, voted on November 3, 1980, that it would not place the proposed charter amendment on the ballot, notwithstanding the fact that there will be a charter amendment election in Victoria on January 17, 1981. The failure to submit the proposed amendment at the charter election on January 17 will result in a two–year delay before another charter election may be held. Tex.Const. art. XI, § 5; Tex.Rev.Civ.Stat.Ann. art. 1165; *State v. City Commission of San Angelo*, 101 S.W.2d 360 (Tex.Civ.App.–Austin 1937, writ ref'd).

Respondents have urged that they instituted a suit for declaratory judgment on November 7, 1980, seeking an adjudication that relators' proposed charter amendment has been withdrawn from the field in which the initiatory process is operative because the amendment conflicts with section 21, article VIII, and section 5, article XI, of the Texas Constitution, as well as with Tex. Rev.Civ.Stat.Ann. arts. 689a–15, 1165, 7244c, and the Peveto Acts effective January 1, 1982. Acts 1979, 66th Leg., p. 2217, ch. 841.

2. "A PETITION FOR AMENDING ARTICLE IV, SECTION 4 OF THE HOME–RULE CHARTER OF THE CITY OF VICTORIA, TEXAS. SAID AMENDMENT TO TAKE EFFECT IMMEDIATELY UPON APPROVAL BY A MAJORITY VOTE OF THE QUALIFIED VOTERS OF THE CITY OF VICTORIA, TEXAS.

In accordance with Articles 1170 and 7244c, VTCS, and Senate Bill No. 621, we the *undersigned qualified voters* in the City of Victoria, Texas do hereby request the amendment of Article IV, Section 4, of the Home Rule Charter of the City of Victoria, Texas and substitute the following therefore as an amendment so that said section of the charter will read as follows:

LIMITATION OF TAX LEVY

SECTION 4a. The City of Victoria shall have the power to levy, assess, and collect taxes for any municipal purpose on property of any kind or character, within the corporate limits within the maximum authorized now or hereafter by the Constitution and laws of the State of Texas, and on persons, privileges, subjects and occupations. Provided that the total tax levied annually for general purposes, and for the purpose of paying the interest and providing the sinking fund on the outstanding bonded indebt-

edness of the City of Victoria, and for paying the interest and making provisions for the sinking fund on such future bond issues as may be authorized, shall not exceed Two Dollars on the One–Hundred Dollars assessed valuation of taxable property; except that an additional tax within the maximum authorized now or hereafter by the Constitution of the State of Texas may be levied upon approval of a majority vote of the *qualified voters* of the City of Victoria at an election in the City at which the increased rate of taxation shall be submitted to such voters of the City; *and provided further that, the City of Victoria shall not adopt a tax rate that exceeds the tax rate calculated in accordance with Article 7244c, Section 1, VTCS, by more than five percent (5%).*

b. *The governing body of the City of Victoria may decrease the official tax rate for the current year at any time.*

SEVERABILITY CLAUSE

If any phrase, clause, sentence, paragraph or section of this Amendment shall be declared unconstitutional by the valid judgment or decree of any court of competent jurisdiction, such unconstitutionality shall not affect any of the remaining phrases, clauses, sentences, and paragraphs."

■ The declaratory judgment action was prematurely filed. The election process had been lawfully put in motion and the declaratory judgment action was improperly used as a vehicle to frustrate the process. *Perkins v. Ingalsbe*, 162 Tex. 456, 347 S.W.2d 926 (1961); *City of Austin v. Thompson*, 147 Tex. 639, 219 S.W.2d 57 (1949); *Leslie v. Griffin*, 25 S.W.2d 820 (Tex.Com.App.1930, judgmt adopted); *Winder v. King*, 1 S.W.2d 587 (Tex.Com.App. 1928; judgmt adopted); *City of Dallas v. Dallas Consolidated Electric St. Ry. Co.*, 105 Tex. 337, 148 S.W. 292 (1912); *City and County of Denver v. Denver Land Co.*, 85 Colo. 198, 274 P. 743 (1929); *Bardwell v. Parish Council of Parish of East Baton Rouge*, 216 La. 537, 44 So.2d 107 (1949).

■ The declaratory judgment suit, at this stage of the proceedings, seeks an advisory opinion. The election may result in the disapproval of the proposed amendment. District courts, under our Constitution, do not give advice nor decide cases upon speculative, hypothetical, or contingent situations. *Firemen's Ins. Co. of Newark New Jersey v. Burch*, 442 S.W.2d 331 (Tex.1968); *California Products, Inc. v. Puretex Lemon Juice, Inc.*, 160 Tex. 586, 334 S.W.2d 780 (1960). The election will determine whether there is a justiciable issue, at which time the respondents' complaints against the validity of the initiatory process under article 1170 may be determined by the trial court.

■ The initiative process, which article 1170 authorizes, affords direct popular participation in lawmaking. The system has its historical roots in the people's dissatisfaction with officialdom's refusal to enact laws. 1 Bryce, The American Commonwealth (1st ed. 1888). It is an implementation of the basic principle of Article I, Section 2, of the Texas Bill of Rights: "All political power is inherent in the people ...." This court stated in *Taxpayer's Ass'n of Harris County v. City of Houston*, 129 Tex. 627, 105 S.W.2d 655, 657 (1937), that "the power of initiative and referendum ... is the exercise by the people of a power reserved to them, and not the exercise of a right granted," and that "in order to protect the people of the city in the exercise of this reserved legislative power, such charter provisions should be liberally construed in favor of the power reserved." *See also, Glass v. Smith*, 150 Tex. 632, 244 S.W.2d 645 (1951). The City Council's duty is clear, and its compliance with the law is ministerial in nature. The City Council's refusal to submit the proposed amendments to the vote of the people thwarts not only the legislature's mandate but the will of the public.

The time until the election scheduled in Victoria on January 17, 1981, is so short that the writ of mandamus was ordered to issue, with this opinion to follow later.