**In re Gregory R. ROOF and Garrik C. Addison, Relators.**

No. 14–04–00034–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 5, 2004.

Gregory R. Roof, Galveston, pro se.

Garrik C. Addison, Galveston, pro se.

Barbara Lawrence, (City Secretary), Susie Green, (City Attorney), George W. Vie, Galveston, for respondent.

Panel consists of Justices EDELMAN, KEM THOMPSON FROST, and GUZMAN.

## OPINION

KEM THOMPSON FROST, Justice.

Relators Gregory Roof and Garrik Addison, citizens of Galveston, petition this court to order the respondent Barbara Lawrence, Secretary for the City of Galveston (the "City Secretary"), to certify a proposed city charter amendment and call an election. Because we conclude that their petition has merit, we conditionally grant part of the mandamus relief requested.

## I. BACKGROUND

Roof and Addison are qualified voters of the City of Galveston, a home-rule municipality. On December 19, 2003, Roof and Addison submitted a petition to the City Secretary to amend the City of Galveston's charter. The petition contained more than 2,500 signatures. The proposed amendment states:

> The City of Galveston shall be prohibited from charging a fee for parking a motor vehicle on Seawall Boulevard, until such fee and method of collecting such fee is approved at an election by a majority of qualified voters voting in such election.

The City Secretary did not contest the number of qualified signatures on the petition, but replied that she could not certify the petition because, in her estimation, the proposed charter amendment conflicts with the city charter, general state law, and the Texas Constitution. On January 14, 2004, Roof and Addison filed a petition for writ of mandamus in this court to order the City Secretary to certify the petition and call an election.

## II. JURISDICTION

We have jurisdiction to entertain this mandamus petition pursuant to the Texas Election Code. TEX. ELEC.CODE ANN. § 273.061 (Vernon 2003). Section 273.061 states:

> [A] court of appeals may issue a writ of mandamus to compel the performance of any duty imposed by law in connection with the holding of an election or a political party convention, regardless of whether the person responsible for performing the duty is a public officer.

TEX. ELEC.CODE ANN. § 273.061.

## III. MANDAMUS STANDARD

A writ of mandamus is appropriate to compel a public official to perform a

ministerial act. *See Anderson v. City of Seven Points,* 806 S.W.2d 791, 793 (Tex. 1991). In connection with the holding of an election, the writ may issue to compel a duty imposed by law even if the one responsible for performing the duty is not a public official. *See* TEX. ELEC.CODE ANN. § 273.061. "An act is ministerial when the law clearly spells out the duty to be performed by the official with sufficient certainty that nothing is left to the exercise of discretion." *Anderson,* 806 S.W.2d at 793. A writ of mandamus will not issue to compel a public official to perform an act which involves an exercise of discretion. *Id.* An appellate court may not deal with disputed matters of fact in an original mandamus proceeding. *In re Republic Lloyds,* 104 S.W.3d 354, 357 (Tex.App.-Houston [14th Dist.] 2003, orig. proceeding).

## IV. ANALYSIS

Roof and Addison moved to amend the city charter pursuant to section 9.004 of the Local Government Code. *See* TEX. LOC. GOV'T CODE ANN. § 9.004 (Vernon 1999). The relevant part of this section, entitled "Charter Amendments," states:

> The governing body [1] shall submit a proposed charter amendment to the voters for their approval at an election if the submission is supported by a petition signed by a number of qualified voters of the municipality equal to at least five percent of the number of qualified voters of the municipality or 20,000, whichever number is the smaller.

The City Secretary points out that this section does not require her to do anything. However, the Election Code recognizes that the responsibility for verifying petition signatures typically rests with the city secretary. *See* TEX. ELEC.CODE ANN. § 277.003 (Vernon 2003). Under the charter for the City of Galveston, its governing body appoints a city secretary to keep the minutes and other records and to have such other duties and responsibilities as may be assigned by the governing body. GALVESTON, TEX., CITY CHARTER, art. II, § 9 (1960). When Roof and Addison presented the petition to the City of Galveston, the City Secretary informed them by letter that one of her duties under the city charter is to determine if the petition is sufficient in form. The parties do not dispute that it is the duty of the City Secretary to verify signatures of qualified voters on the petition before presenting it to the governing body of the City of Galveston.

■ Roof and Addison contend that section 9.004 provides only one condition before the City Secretary must certify the petition—that the petition contains the requisite number of qualified signatures. Roof and Addison argue that because their petition contained a sufficient number of qualified signatures, the City Secretary was duty-bound to present the petition to the governing body for submission to the voters for their approval at an election. They further contend that the City Secretary had no discretion to refuse to certify their petition on the basis that, in her judgment, it conflicts with the city charter or state laws. Roof and Addison argue that because the City Secretary refused to certify the petition, they are entitled to mandamus relief compelling her to do so.

The City Secretary contends that we first must look to section 9.001 of the Local Government Code. *See* TEX. LOC. GOV'T CODE ANN. § 9.001 (Vernon 1999). This

---

1. Under the statute, the term governing body ... "if used with reference to a municipality, means the legislative body of a city, town, or village, without regard to the name or title given to any particular body." TEX. GOV'T CODE ANN. § 312.011 (Vernon 1998).

section, entitled "Adoption or Amendment of Home–Rule Charter,"[2] states:

> This chapter applies to the adoption or amendment of a municipal charter by a municipality authorized to do so by Article XI, Section 5, of the Texas Constitution.

The City Secretary points out that chapter 9 of the Local Government Code is subject to article XI, section 5 of the Texas Constitution, which states in relevant part:

> The adoption or amendment of charters is subject to such limitations as may be prescribed by the Legislature, and no charter or any ordinance passed under said charter shall contain any provision inconsistent with the Constitution of the State, or of the general laws enacted by the Legislature of this State.

TEX. CONST. art. XI, § 5. The City Secretary argues that the proposed charter amendment is legally ineffective because, she claims, it is inconsistent with the Texas Constitution, the general laws enacted by the legislature, and Galveston's city charter.

The City Secretary's arguments are not unique or novel. In *Coalson v. City Council of Victoria*, the relators sought a writ of mandamus to order the Victoria City Council to submit a proposed charter amendment to the public for a vote. 610 S.W.2d 744, 745 (Tex.1980). The Texas Supreme Court noted that the relators complied with article 1170,[3] the predecessor of section 9.004 of the Local Government Code. The respondents had filed a declaratory judgment action seeking an adjudication that the petition conflicted with the Texas Constitution. The *Coalson* court concluded that the declaratory judgment action sought only an advisory opinion because an election on the petition could result in its disapproval. Thus, our high court held, "[t]he election will determine whether there is a justiciable issue, *at which time the respondents' complaints against the validity of the initiatory process under article 1170 may be determined by the trial court.*" *Id.* (emphasis added). The *Coalson* court also held that, "[t]he City Council's duty is clear, and its compliance with the law is ministerial in nature. The City Council's refusal to submit the proposed amendments to the vote of the people thwarts not only the legislature's mandate but the will of the public." *Id.*

Moreover, in *Green v. City of Lubbock*, the Amarillo Court of Appeals considered when a party's complaints about a charter amendment should be litigated.[4] 627 S.W.2d 868, 870 n. 2 (Tex.App.-Amarillo 1981, writ ref'd n.r.e.). Relying on the Texas Supreme Court's opinion in *Coalson*, the *Green* court concluded that "when article 1170 is satisfied, the election is held first and questions concerning the amendments are litigated later."[5] *Id.* at 872.

Chapter 9 of the Local Government Code grants the qualified voters of a municipality the right to petition their governing body to amend its charter. *Blum v. Lanier*, 997 S.W.2d 259, 262 (Tex.1999); *Brown v. Blum*, 9 S.W.3d 840, 847 (Tex. App.-Houston [14th Dist.] 1999, pet. dism'd

---

**2.** Both parties acknowledge that the City of Galveston is a home-rule city.

**3.** Act of June 17, 1961, 57th Leg., R.S., ch. 500, 1961 Tex. Gen. Laws 1108–09, *repealed by* Act of May 21, 1987, 70th Leg., R.S., ch. 149, § 49(1), 1987 Tex. Gen. Laws 1306.

**4.** The City of Lubbock's secretary informed the city officials that the petitions contained

sufficient signatures and complied with article 1170.

**5.** All parties agreed that the petitions complied with article 1170 and the city did not argue that there was a defect in form in the petitions.

w.o.j.). "When the requisite number of qualified citizens sign such a petition, the municipal authority *must* put the measure to a popular vote." *Blum*, 997 S.W.2d at 262 (emphasis added).

In *Anderson v. City of Seven Points*, the Texas Supreme Court had occasion to analyze language similar to that found in section 9.004. 806 S.W.2d 791 (Tex.1991). Interpreting section 62.002 of the Local Government Code,[6] the *Anderson* court held that this section "spells out the act to be performed by the mayor with sufficient certainty so that nothing is left to the exercise of discretion." *Anderson*, 806 S.W.2d at 793.

Here, Roof and Addison presented a petition to amend the city charter pursuant to section 9.004. The City Secretary does not argue that the petition lacks the requisite number of qualified signatures, nor does she dispute that she is the person responsible for verifying those signatures and certifying the petition to the governing body of the City of Galveston.

Based on the plain language of section 9.004 and the authorities cited herein, we conclude that when a petition for a proposed charter amendment is presented, the City Secretary has a ministerial duty to verify that a sufficient number of qualified voters signed the petition, and then the "governing body shall submit a proposed charter amendment to the voters for their approval at an election." *See* Tex. Loc. Gov't Code Ann. § 9.004. It was improper for the City Secretary to refuse to certify the petition based on her belief that the proposed charter amendment conflicts with the charter, general state law, and the Texas Constitution. Section 9.004 does not give a public official or such other person performing this ministerial duty imposed in connection with the holding of an election, the discretion of determining whether a proposed amendment violates a city charter, the laws of Texas, or the Texas Constitution. Such questions concerning the validity of proposed charter amendments are properly litigated later. *See Green*, 627 S.W.2d at 872. An election will determine whether a justiciable issue exists, at which time the City Secretary's complaints against the validity of the initiatory process under section 9.004 may be determined by litigation. *See Coalson*, 610 S.W.2d at 747; *Green*, 627 S.W.2d at 872.

### V. Conclusion

Section 9.004 does not give the City Secretary any discretionary duties. Therefore, it was improper for her to refuse to certify the petition to the governing body of the City of Galveston based upon her stated reasons. Roof and Addison seek an order compelling her to certify the petition and submit the charter amendment for voters' approval at an election. The members of the governing body of the City of Galveston are not respondents in this proceeding. Moreover, the governing body of the City of Galveston has yet to be presented with a certified petition and so has not refused to submit the proposed charter amendment to the voters for their approval. At this time, it would be premature and improper for this court to compel the members of that body to do so. *See Terrazas v. Ramirez*, 829 S.W.2d 712, 723 (Tex.1991). ("As a rule, mandamus is not available to compel an action which has not first been demanded and refused.") However, for the reasons stated, we conclude that Roof and Addison are entitled to man-

---

**6.** "The mayor of the municipality shall order an election on the question of abolishing the municipality's corporate existence if a petition requesting that the election be held is submitted to the mayor and is signed by at least 400 qualified voters of the municipality." Tex. Loc. Gov't Code Ann. § 62.002 (Vernon 1988).

damus relief compelling the City Secretary to certify the petition to the governing body of the City of Galveston. Accordingly, we conditionally grant the writ directing the City Secretary, Barbara Lawrence, to forthwith fulfill her ministerial duty of presenting the complying petition for the proposed charter amendment submitted by Roof and Addison to the governing body of the City of Galveston, so that the governing body of the City of Galveston may then submit the proposed charter amendment to the voters for their approval at an election. Any complaints about the proposed amendment's validity will be decided only if the voters approve the proposed charter amendment.

We are confident the City Secretary will take immediate action to comply. The writ of mandamus will issue only if she fails to comply by 2:00 p.m., on March 8, 2004.