ACCEPTED
12-15-00238-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
9/30/2015 3:31:32 PM
Pam Estes
CLERK

**No. 12-15-00238-CR**

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
9/30/2015 3:31:32 PM
PAM ESTES
Clerk



## IN THE TWELFTH COURT OF APPEALS
## TYLER, TEXAS

----------------------------------------------

*In re*
**DAVID MARK DAVIS II,**

*Relator*

----------------------------------------------

The Honorable April Earley,
City of Lufkin Municipal Court Judge, Real Party in Interest

------------------------------------------------------

## RESPONSE TO PETITION FOR WRIT OF MANDAMUS

------------------------------------------------------

BRUCE W. GREEN
City Attorney
City of Lufkin, Texas
State Bar No. 24001154
bgreen@cityoflufkin.com
300 E. Shepherd
Lufkin, Texas 75901
(936) 633-0260
(936) 633-0381 (Fax)

**ATTORNEY FOR REAL PARTY IN INTEREST**
**THE HONORABLE APRIL EARLEY**

## LIST OF PARTIES AND COUNSEL

**RELATOR**

David Mark Davis II, *Pro Se*
905 N Loop 499, Unit 525
Harlingen, TX 78550
dmarkdavis2@gmail.com
(936) 238-8507
(936) 309-0060 (Fax)

**REAL PARTY IN INTEREST**

Honorable April Earley
Municipal Court Judge
City of Lufkin
222 E. Shepherd
Floor, Lufkin, Texas 75902

*Counsel for Real Party in Interest*

Bruce W. Green
City Attorney
City of Lufkin, Texas
300 E. Shepherd
Lufkin, Texas 75902
bgreen@cityoflufkin.com
(936) 633-0260
(936) 633-0381 (Fax)

**RESPONDENT**

Honorable Derek Flournoy
Angelina County Court-at-Law
No. 2 Judge
Angelina County, Texas
215 E. Lufkin Ave.
Lufkin, TX 75902

*Counsel for Respondent*

Ed C. Jones
County Attorney
Angelina County, Texas
215 E. Lufkin Avenue, 1st
        Rm. 115
Lufkin, Texas 75902
ejones@angelinacounty.net
(936) 639-3929
(936) 639-3905 (Fax)

# TABLE OF CONTENTS

LIST OF PARTIES AND COUNSEL......................................................................... iii

TABLE OF CONTENTS ...................................................................................... iiii

INDEX OF AUTHORITIES .................................................................................. iv

APPENDIX REFERENCES…………………………………………………………..v

STATEMENT OF THE CASE ............................................................................... vi

STATEMENT OF JURISDICTION......................................................................... vii

ISSUE PRESENTED ........................................................................................... ix

BACKGROUND.................................................................................................1

STATEMENT OF FACTS ....................................................................................2

ARGUMENT ....................................................................................................3

CONCLUSION AND PRAYER .............................................................................5

CERTIFICATE OF SERVICE ...............................................................................7

CERTIFICATE OF COMPLIANCE ........................................................................8

APPENDIX

# INDEX OF AUTHORITIES

**CASES**                                                           **PAGE(S)**

*Anderson v. City of Seven Points*,
806 S.W.2d 791 (Tex. 1991) ...........................................................3

*Dunlop v. Deloach*,
2013 Tex. App. LEXIS 4518 (Tex. App.—San Antonio Apr. 10, 2013)……………………………………………………………………..vii

*Hogan v. Turland*,
428 S.W.2d 316, 317 (Tex. 1968) .................................................4, 5

*In re Robinson*,
175 S.W.3d 824 (Tex. App–Houston [1st Dist.] 2005, orig. proceeding) .......................................................................3

*In re Roof*,
130 S.W.3d 414 (Tex. App.–Houston [14th Dist.] 2004, orig. proceeding) .......................................................................3

*Safety Nat'l Cas. Corp. v. State,*
305 S.W.3d 586, 590 (Tex. Crim. App. 2010)…………………………..4

**CONSTITUTIONS**

Tex. Const. art. V, § 6…………………………………………………………...vii

**STATUTES**

Texas Gov't Code § 22.221(b)(1)..........................................................................vii

# APPENDIX REFERENCES

The attached Appendix ("App.") consists of the following:

Texas Const., art. V, § 6……......................................................A

Texas Gov't Code § 22.221(b)(1)…………………………………..B

# STATEMENT OF THE CASE

*Nature of the Case*

The Relator filed a Petition for a Writ of Mandamus in the Angelina County Court-at-Law No. 2 seeking the court to compel Lufkin Municipal Judge April Earley to set an appeal bond on a case that resulted in a dismissed traffic citation. The citation was dismissed in municipal court pursuant to an Order Deferring Further Proceedings and the authority of art. 45.051(c) of the Texas Code of Criminal Procedure. No final judgment of conviction exists. Relator seeks to appeal what he characterizes as a "bond forfeiture," although no bond forfeiture proceedings occurred in the municipal court.

When Municipal Court Judge Earley did not set an appeal bond, the Relator filed a Petition for a Writ of Mandamus against Judge Earley in the Angelina County Court-at-Law No. 2. County Court-at-Law Judge Derek Flournoy notified the Relator that he must either pay the customary civil filing fee, or file a Pauper's Affidavit. Rather than doing either, the Relator filed this Petition for Writ of Mandamus against Judge Flournoy.

*Respondent*

Hon. Derek Flournoy, Angelina County Court-at Law No. 2 Judge

*Relief Requested*

Respondent should be compelled to allow the Relator to file his Petition for Writ of Mandamus without payment of a civil filing fee.

## STATEMENT OF JURISDICTION

This Court has jurisdiction over this petition for a writ of mandamus. *See* Texas Gov't Code § 22.221(b)(1) ("Each court of appeals for a court of appeals district may issue all writs of mandamus, agreeable to the principals of law regulating those writs, against a judge of a district or county court in the court of appeals district."), App. B; *see also* Tex. Const. art. V, § 6 ("Said courts shall have such other jurisdiction, original and appellate, as may be prescribed by law."), App. A.

This Court does not have jurisdiction over the underlying petition for writ of mandamus pending before the Angelina County Court-at-Law No. 2 Judge Derek Flournoy. *See* Texas Gov't Code § 22.221(b)(1), App. B; *Dunlop v. Deloach*, 2013 Tex. App. LEXIS 4518 (Tex. App. San Antonio Apr. 10, 2013) (Courts of appeal have authority to issue writs of mandamus against "a judge of a district or county court in the court of appeals district' and other writs as necessary to enforce [their] appellate jurisdiction," but justice or municipal courts since such a writ is not necessary to enforce an appeals' court jurisdiction).

## ISSUE PRESENTED

Relator seeks mandamus relief compelling Respondent to allow the filing of his Petition for Writ of Mandamus without paying a civil filing fee, or the filing of a Pauper's Affidavit. *See* Exhibit A to Petition for Writ of Mandamus & Prohibition. Relator asserts that no filing fee is required when seeking mandamus relief relating to a municipal court criminal case.

Did Respondent fail to perform a nondiscretionary, ministerial duty to allow Relator to file his petition without requiring a filing fee?

# BACKGROUND

The underlying proceeding involves an assertion of a right to appeal a matter (an alleged "bond forfeiture") relating to a municipal court traffic case. Although no adjudication of guilt occurred, the citation carried the possibility of a Class C misdemeanor fine only penalty, and thus is criminal in nature.

The petition before this Court is a result of the Respondent's requirement that the Relator pay a civil filing fee or file a Pauper's Affidavit before Respondent will address the merits of Relator's writ to compel the municipal court judge to set an appeal bond in the underlying matter.

# STATEMENT OF FACTS

On August 31, 2015, Relator filed a petition for writ of mandamus in Angelina County Court-at-Law No. 2, which is presided over by Judge Derek Flournoy. *See* Petition for Writ of Mandamus & Prohibition ("Petition"), p. 4. The petition seeks to compel Lufkin Municipal Court Judge April Earley to take action resulting from a criminal traffic citation in the municipal court. *See* Id.

Upon receipt of Relator's petition, the Respondent Judge Flournoy declined to proceed until Relator either paid the required filing fee or filed a Pauper's Affidavit. *See* Letter from Hon. Derek C. Flournoy, dated September 21, 2015, attached to Petition as Exhibit A.

On September 22, 2015, Relator filed this Petition for Writ of Mandamus & Prohibition to compel Judge Flournoy to accept the underlying petition for filing without requiring a filing fee.

## ARGUMENT

I. **Mandamus Is Not Appropriate to Compel the Respondent to Accept for Filing, Without Payment of a Filing Fee, A Petition for Writ of Mandamus in County Court.**

### A. Mandamus Will Lie to Compel a Nondiscretionary, Ministerial Act.

A writ of mandamus is proper to compel a public official to perform a ministerial act. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 793 (Tex. 1991); *see also In re Robinson*, 175 S.W.3d 824, 829 (Tex. App–Houston [1st Dist.] 2005, orig. proceeding); *In re Roof*, 130 S.W.3d 414, 415-16 (Tex. App.–Houston [14th Dist.] 2004, orig. proceeding). A duty imposed by law is ministerial when ―the law clearly spells out the duty to be performed by the official with sufficient certainty that nothing is left to the exercise of discretion. *Anderson*, 806 S.W.2d at 793. That is not the case here.

### B. Acceptance of a Petition for a Writ of Mandamus without the Requirement of a Filing Fee is Not a Nondiscretionary, Ministerial Duty of the Respondent.

The Relator conflates his petition before this Court with his Petition for Writ of Mandamus pending before the Angelina County Court-at-Law No. 2. *See* Petition, p. 5. This Petition has nothing to do with "a trial courts

[sic] interference with a defendant's right to appeal." Id. The issue presented for decision in this Petition is whether Respondent failed to perform a nondiscretionary, ministerial duty to allow Relator to file his Petition without requiring a filing fee.

Relator has offered no authority for the proposition that accepting for filing a petition for a writ of mandamus, without requiring a filing fee, is a nondiscretionary, ministerial act. In fact, Relator tacitly acknowledges that the Respondent's requirement of a filing fee is discretionary. *See* Id. ("Had this been a civil case, Judge Flournoy would be well within his discretion to demand payment of a filing fee before he heard the case.")

### C. A Mandamus Proceeding is a Civil rather Than a Criminal Action.

Admittedly, if the matter pending below before the Respondent was an appeal from a final judgment rendered in a criminal bond-forfeiture case, no civil filing fee could be assessed. *See Safety Nat'l Cas. Corp. v. State,* 305 S.W.3d 586, 590 (Tex. Crim. App. 2010).

The matter before the Respondent in the County Court-at-Law is not, however, an appeal from a criminal bond-forfeiture proceeding. It is a petition for a writ of mandamus, which is a civil rather than a criminal proceeding. *Hogan v. Turland*, 428 S.W.2d 316, 317 (Tex. 1968) ("We have

concluded that a mandamus proceeding is a civil rather than criminal action.").

In *Hogan*, the Supreme Court held a mandamus proceeding to be civil in nature based upon the fact that it is not brought by nor in the name of the state, and the officer against whom the writ is requested is not alleged to have committed a crime nor violated any penal statute. "The complaint is that the officer simply refuses to perform his legal duty." Id.

## CONCLUSION AND PRAYER

Based on the foregoing, the Respondent is under no nondiscretionary, ministerial duty to accept for filing Relator's underlying petition without requiring a civil filing fee. For this reason, Real Party in Interest Judge April Earley respectfully requests that the Court deny this Petition for Writ of Mandamus & Prohibition. Real Party in Interest further requests all additional relief to which she is entitled at law or in equity.

Respectfully submitted,


By: */s/ Bruce W. Green*

Bruce W. Green
City Attorney
City of Lufkin, Texas
Texas Bar No. 24001154
bgreen@cityoflufkin.com
300 E. Shepherd
Lufkin, TX 75901
(936) 633-0260
(936) 633-0381 (Fax)

**ATTORNEY FOR REAL
PARTY IN INTEREST
HON. APRIL EARLEY**

# CERTIFICATE OF SERVICE

I certify that copies of the foregoing were provided in electronic form at the same time this instrument was filed with the Court to counsel and *Pro Se* Relator listed below. I likewise certify that true and correct copies of the foregoing document will be formally served on the Hon. Derek Flournoy, Respondent, by hand delivery, and counsel listed below, by hand delivery on the 30th day of September 2015, as follows:

The Honorable Derek Flournoy
Angelina County Court-at-Law No. 2 Judge
Angelina County, Texas
215 E. Lufkin Ave.
Lufkin, TX 75902

Ed C. Jones
County Attorney
Angelina County, Texas
215 E. Lufkin Avenue, 1st Floor, Rm. 115
Lufkin, Texas 75902
ejones@angelinacounty.net

David Mark Davis II, *Pro Se*
905 N Loop 499, Unit 525
Harlingen, TX 78550
dmarkdavis2@gmail.com

/s/ *Bruce W. Green*
Bruce W. Green

## CERTIFICATE OF COMPLIANCE

1.      This brief complies with the type-volume limitation of Tex. R. App. P. 9.4(i)(2)(B) because it contains 1,994 words, excluding the parts of the brief exempted by Tex. R. App. P. 9.4(i)(2)(B).

2.      This brief complies with the typeface requirements of Tex. R. App. P. 9.4(e) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2007 in 14 point Times New Roman font.

      Dated:  <u>September 30, 2015</u>.

*/s/ Bruce W. Green*
Bruce W. Green
Counsel for Real Party in Interest

**No. 12-15-00238-CR**

---

**IN THE TWELFTH COURT OF APPEALS**
**TYLER, TEXAS**

------------------------------------------------

*In re*
**DAVID MARK DAVIS II,**

*Relator*

------------------------------------------------

The Honorable April Earley,
City of Lufkin Municipal Court Judge, Real Party in Interest

-------------------------------------------------

**APPENDIX**

------------------------------------------------

|                                                    | **Tab** |
|----------------------------------------------------|---------|
| Texas Const., art. V, § 6…….....................................................A |
| Texas Gov't Code § 22.221(b)(1)…………………………………..B |

**Tab A**

**Texas Constitution, art. V, § 6**

THE TEXAS CONSTITUTION

ARTICLE 5. JUDICIAL DEPARTMENT

Sec. 6.  COURTS OF APPEALS; TERMS OF JUSTICES; CLERKS.  (a) The state shall be divided into courts of appeals districts, with each district having a Chief Justice, two or more other Justices, and such other officials as may be provided by law.  The Justices shall have the qualifications prescribed for Justices of the Supreme Court.  The Court of Appeals may sit in sections as authorized by law.  The concurrence of a majority of the judges sitting in a section is necessary to decide a case.  Said Court of Appeals shall have appellate jurisdiction co-extensive with the limits of their respective districts, which shall extend to all cases of which the District Courts or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law.  Provided, that the decision of said courts shall be conclusive on all questions of fact brought before them on appeal or error.  Said courts shall have such other jurisdiction, original and appellate, as may be prescribed by law.

(b)  Each of said Courts of Appeals shall hold its sessions at a place in its district to be designated by the Legislature, and at such time as may be prescribed by law.  Said Justices shall be elected by the qualified voters of their respective districts at a general election, for a term of six years and shall receive for their services the sum provided by law.

(c)  All constitutional and statutory references to the Courts of Civil Appeals shall be construed to mean the Courts of Appeals.

(Amended Aug. 11, 1891, Nov. 7, 1978, Nov. 4, 1980, Nov. 5, 1985, and Nov. 6, 2001.)  (TEMPORARY TRANSITION PROVISION for Sec. 6: See Appendix, Note 3.)

**Tab B**

**Texas Government Code § 22.221(b)(1)**

GOVERNMENT CODE

TITLE 2. JUDICIAL BRANCH

SUBTITLE A. COURTS

CHAPTER 22. APPELLATE COURTS


Sec. 22.221.  WRIT POWER.  (a)  Each court of appeals or a justice of a court of appeals may issue a writ of mandamus and all other writs necessary to enforce the jurisdiction of the court.

(b)  Each court of appeals for a court of appeals district may issue all writs of mandamus, agreeable to the principles of law regulating those writs, against a:

(1)  judge of a district or county court in the court of appeals district;  or

(2)  judge of a district court who is acting as a magistrate at a court of inquiry under Chapter 52, Code of Criminal Procedure, in the court of appeals district.

(c)  Repealed by Acts 1987, 70th Leg., ch. 148, Sec. 2.03, eff. Sept. 1, 1987.

(d)  Concurrently with the supreme court, the court of appeals of a court of appeals district in which a person is restrained in his liberty, or a justice of the court of appeals, may issue a writ of habeas corpus when it appears that the restraint of liberty is by virtue of an order, process, or commitment issued by a court or judge because of the violation of an order, judgment, or decree previously made, rendered, or entered by the court or judge in a civil case.  Pending the hearing of an application for a writ of habeas corpus, the court of appeals or a justice of the court of appeals may admit to bail a person to whom the writ of habeas corpus may be granted.

Acts 1985, 69th Leg., ch. 480, Sec. 1, eff. Sept. 1, 1985.  Amended by Acts 1987, 70th Leg., ch. 69, Sec. 1, eff. May 6, 1987;  Acts 1987, 70th Leg., ch. 148, Sec. 1.35, 2.03, eff. Sept. 1, 1987;  Acts 1991, 72nd Leg., ch. 58, Sec. 1, eff. May 2, 1991;  Acts 1995, 74th Leg., ch. 839, Sec. 1, eff. Sept. 1, 1995.