**Petition for Writ of Mandamus Denied and Majority and Dissenting Opinions filed April 23, 2019.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00047-CV

---

## IN RE JOHN HIGHTOWER, JR. AND JESSICA HIGHTOWER, Relators

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**335th District Court**
**Washington County, Texas**
**Trial Court Cause No. 36193**

---

## MAJORITY OPINION

On January 15, 2019, relators John Hightower, Jr. and Jessica Hightower filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relators ask this court to compel the Honorable Carson Campbell, presiding judge of the 335th District Court of Washington County, to withdraw the court's order granting a mistrial and enter a

take-nothing judgment in relators' favor. Finding no abuse of discretion, we deny relators' petition for writ of mandamus.

## I. BACKGROUND

Several residents of the Sacred Heart subdivision in Brenham (Plaintiffs and real-parties-in-interest) sued relators (Defendants), also Sacred Heart residents, seeking permanent injunctive relief for alleged violations of deed restrictions based on Defendants' operation of a lighted horse arena at night.

### A. Pretrial

On April 24, 2017, the trial court signed a temporary restraining order (TRO) in which the court ordered Defendants to refrain from (1) using or operating the arena lights installed on their property at any time of the day or night; (2) using or operating any substitute form of lighting for the arena lights on their property at any time of the day or night; and (3) using or operating the horse arena on their property for any purpose.

On July 6, 2017, the trial court signed an amended order granting a temporary injunction. The temporary injunction continued the light usage restrictions put in place by the TRO. At a temporary injunction hearing Defendants' attorney informed the court that he had conducted a light test with directional shades intended to remediate the alleged nuisance. The lights were turned on at night for the test in violation of the temporary injunction. Photographs of the lighted horse arena were taken showing the lighting with shades installed to remediate the glare. When Defendants attempted to introduce photos of the light test results into evidence at the hearing Plaintiffs objected, and the trial court excluded the proffered photos.

Before trial Plaintiffs filed a motion in limine and motion to exclude, requesting an order barring testimony, comment, argument, or proffer of evidence of "solutions, alternatives, or fixes—that somehow would alter the nature of the lights at issue in the case[.]" The trial court granted the motion in limine stating that the relevant issue was the condition of the lights at the time suit was filed, not a later condition based on remediation. In a written order granting in part Plaintiffs' motion to exclude and the motion in limine, the trial court specifically excluded:

> Any testimony, comment, argument or proffer of alleged evidence regarding alleged solutions, alternatives or fixes that somehow would alter the nature of the lights at issue in the case or otherwise cause them not to be in violation of the deed restrictions at issue or not be a private nuisance, are barred and excluded. By way of example, this order applies to bar any evidence of alleged technical fixes that could somehow resolve any issues with the lights, if any, including glare shields, blinders, alternative wattages, alternative equipment, or other adjustments, evidence of any alleged testing of the lights under such conditions, or opinions of the impact of same if they were to be implemented.[1]

## B.    Trial

At trial Defendants introduced Defendants' Exhibit 106 during John Hightower's testimony, prompting the following exchange:

Q. Okay. What does that photo show?

---

[1] To clarify, the order both granted a motion in limine as to certain matters and specifically excluded other matters. The part of the order relevant here is the paragraph quoted above, which excluded the described evidence. The part of the order granting Plaintiffs' motion in limine and instructing the parties to approach the bench before offering evidence pertained to other matters not at issue in this mandamus proceeding.

A [Hightower]. That's a picture of my arena with the lights on from my driveway.

MR. MCLEMORE [Defendants' attorney]: Your Honor, I'd offer Defendants' 106.

MS. PONIG [Plaintiffs' attorney]: Your Honor, if we could have some information on when the photo was taken.

THE COURT: Okay.

Q. (By Mr. McLemore) Do you know when that photo was taken?

A. Between February of [20]16 and April of [20]16.

Q. Okay. And does that photo fairly and accurately show your lights functioning on your property?

A. Yes.

MR. MCLEMORE: Your Honor, I'd offer Defendants' 106.

MS. PONIG: No objection, Your Honor.

THE COURT: The Court will admit Defendants' Exhibit 106.

The jury ultimately found that Defendants had not failed to comply with the deed restrictions and did not intentionally create a private nuisance.

## C.     Post-trial

Following the jury's verdict, and before the trial court rendered judgment, Plaintiffs filed a "Motion for Declaration of Mistrial, Post-Trial Striking of Defendants' Answer, and Entry of Final Judgment in the Form of Permanent Injunction and Award of Attorney's Fees or, in the Alternative, Motion for Declaration of Mistrial and New Trial; Response in Opposition to Defendants' Motion for Entry of Judgment." In their motion Plaintiffs alleged that Hightower

4

misrepresented the time the photo, Defendants' Exhibit 106, was taken and that Exhibit 106 was one of the photos taken on May 4, 2017, in violation of the temporary injunction. In the motion Plaintiffs further alleged that Defendants violated the trial court's exclusionary order and order in limine during closing argument by referring to remedial measures that could be taken. Attached to Plaintiffs' motion were several exhibits, including photos that Defendants attempted to introduce at the temporary injunction hearing but were not allowed to introduce because the photos were taken in violation of the TRO. The crux of Plaintiffs' argument revolved around whether the photo introduced at trial (Exhibit 106) was actually one of the photos that was taken in violation of the TRO. In substance, the Plaintiffs contended that Exhibit 106 was in fact taken in violation of the TRO; that it was covered by the court's pre-trial exclusionary order; that, in response to Plaintiffs' counsel's question, Hightower misrepresented the date the photo was taken to evade the court's exclusionary ruling; and that had Hightower testified truthfully in response to Plaintiffs' counsel's question, Plaintiffs would have proceeded to object because the exhibit violated the pre-trial exclusionary ruling. Defendants responded to Plaintiffs' motion arguing that Hightower did not misrepresent the time of the taking of the photo.

After a non-evidentiary hearing, the trial court declared a mistrial on October 15, 2018, based on violation of the court's pre-trial order and the Plaintiffs' objections at trial to the admission of Defendants' Exhibit 106. At the hearing the primary discussion was whether Exhibit 106 showed the lights with remediation or showed the lights as they were at the beginning of the suit.

**D.      Trial court's order**

In the trial court's written order, the court stated that it granted the Defendants' motion and declared a mistrial. In its order the court noted the following:

> Plaintiffs did not waive their objection to the admission of Defendants' Exhibit 106. Plaintiffs obtained a pretrial ruling through the court's order in limine and preserved that objection through trial. *Remington Arms Co., Inc. v. Caldwell*, 850 S.W.2d 167, 169 (Tex. 1993). Defendants' violation of that order came to light after trial. *Id.*

> Accordingly, the Court grants Defendants' motion and declares a mistrial. *Galvan v. Downey*, 933 S.W.[2]d 316, 321 (Tex. App.— Houston [14th Dist.] 1996, writ denied).

As noted above, although the trial court described its pre-trial order as an "order in limine," the trial court's order stated, "Any testimony, comment, argument or proffer of alleged evidence regarding alleged solutions, alternatives or fixes that somehow would alter the nature of the lights at issue in the case or otherwise cause them not to be in violation of the deed restrictions at issue or not be a private nuisance*, are barred and excluded*." (emphasis added). The trial court's order was not a traditional limine order in which the parties are required to further object to evidence when it is introduced at trial. The trial court's order was a pre-trial order barring and excluding all evidence of solutions, alternatives, or fixes that somehow would alter the nature of the lights at issue.

## II.      ANALYSIS

**A.      Mandamus Standard**

Mandamus is the proper vehicle to review the granting of a mistrial. *Galvan v. Downey*, 933 S.W.2d 316, 321 (Tex. App.—Houston [14th Dist.] 1996, writ

denied). In this case, the motion for mistrial was the functional equivalent of a motion for new trial; therefore, we look to the standards governing the review of the granting of a motion for new trial. *See In re Columbia Medical Center of Las Colinas*, 290 S.W.3d 204, 206 (Tex. 2009) (orig. proceeding).

A trial court's order granting a new trial after a jury trial is subject to mandamus review. *In re United Scaffolding, Inc.*, 377 S.W.3d 685, 688–89 (Tex. 2012) (orig. proceeding)). A new trial order initially must satisfy two "facial requirements." *In re Bent*, 487 S.W.3d 170, 173 (Tex. 2016) (orig. proceeding). First, the order must state a legally appropriate reason for the new trial. *Id*. Second, the stated reason must be specific enough to indicate that the trial court did not simply parrot a pro forma template but rather derived the articulated reason from the case's particular facts and circumstances. *Id*. The order must satisfy both requirements, or it reflects an abuse of discretion correctable by mandamus. *See United Scaffolding*, 377 S.W.3d at 688–89.

Further, even if a new trial order meets the facial requirements, a relator can show an abuse of discretion and an entitlement to mandamus relief if, after a merits-based review, the record does not support the trial court's rationale for ordering a new trial. *See Bent*, 487 S.W.3d at 173; *In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d 746, 749 (Tex. 2013) (orig. proceeding).

## B. The trial court's reason for ordering a mistrial was both sufficiently specific and legally appropriate.

The trial court's order cites Defendants' violation of the motion in limine as the reason for granting a mistrial. Defendants argue that Plaintiffs waived any objection they may have had to Defendants' Exhibit 106 by failing to make a

contemporaneous objection at trial. We recognize that motions in limine do not preserve error; however, a distinction is drawn between a motion in limine and a pre-trial ruling on admissibility. *Owens–Corning Fiberglas Corp. v. Malone*, 916 S.W.2d 551, 557 (Tex. App.—Houston [1st Dist.] 1996), *aff'd*, 972 S.W.2d 35 (1998). While the trial court's order granting a mistrial uses the phrase, "order in limine," the order in fact was a pre-trial order excluding evidence. The trial court has authority to make a pre-trial ruling on the admissibility of evidence. *Reveal v. West*, 764 S.W.2d 8, 10 (Tex. App.—Houston [1st Dist.] 1988, no writ). The trial court also has authority to grant a mistrial when evidence was introduced in violation of its order and the harm could not be corrected by an instruction to the jury. *Citigroup Glob. Markets Realty Corp. v. Stewart Title Guar. Co.*, 417 S.W.3d 592, 604 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

Therefore, the trial court's order complies with the first facial requirement. *See Toyota*, 407 S.W.3d at 756–57.

The trial court's order also satisfies the second requirement of specificity. The order contains the specific facts and circumstances of the case that led the trial court to reach its conclusion. The order is specific enough both to permit Defendants to attack it and to enable our review. *See id.*

## C. The trial court's reason for granting a mistrial (violation of the exclusionary order) is supported by the record.

The purpose of a motion in limine is to prevent a party from asking prejudicial questions and introducing evidence in front of the jury without first asking the court's permission. *See Weidner v. Sanchez*, 14 S.W.3d 353, 363 (Tex. App.—Houston [14th Dist.] 2000, no pet.). An order granting a motion in limine by itself

preserves nothing for review. *Estate of Veale v. Teledyne Indus., Inc.*, 899 S.W.2d 239, 242 (Tex. App.—Houston [14th Dist.] 1995, writ denied). The complaining party must object immediately and also request the trial court to instruct the jury to disregard the evidence introduced in violation of a limine order. *State Bar of Tex. v. Evans*, 774 S.W.2d 656, 658 n.6 (Tex. 1989); *Weidner*, 14 S.W.3d at 363. This court has held that a trial court may not properly grant a new trial based on a violation of a limine order where the violation has been waived by a party's introduction of the evidence or failure to make a timely objection and ask for a curative instruction or a mistrial. *In re State*, No. 14-18-01036-CV, 2018 WL 6722351, at *4 (Tex. App.—Houston [14th Dist.] Dec. 21, 2018, orig. proceeding) (mem. op.).

In this case, the trial court not only granted the motion in limine but also specifically prohibited the Defendants from introducing into evidence any photos taken in violation of the TRO, specifically any photos that depicted the lights at a time after the suit was filed. When Defendants' Exhibit 106 was introduced, Plaintiffs' attorney asked when the photo was taken to determine whether the photo violated the exclusionary order. Hightower, the sponsoring witness, testified that the photo was not taken in violation of the TRO but was taken between February 2016 and April of 2016. Based on Hightower's testimony Plaintiffs' attorney stated that she had "no objection" to the exhibit. According to Plaintiffs' motion for mistrial filed after the jury's verdict, Plaintiffs did not learn until after trial that Hightower had misrepresented the time the photo (Exhibit 106) was taken.

In *Remington Arms Co., Inc. v. Caldwell*, 850 S.W.2d 167 (Tex. 1993), cited by the trial court in its order, the Supreme Court of Texas held that if pretrial discovery abuse is not revealed until after trial has begun, or even after trial, a party

cannot be said to have waived a claim for sanctions. *Id.* at 170. Relying on the holding in *Remington Arms*, the trial court found that Plaintiffs preserved their objection to admission of the photo taken in violation of the court's exclusionary order despite Plaintiffs' failure to contemporaneously object at trial. The objectionable nature of the photo was not revealed until after trial despite a pointed inquiry on the matter.

While Plaintiffs did not object to Defendants' Exhibit 106, they asked the appropriate questions to elicit whether the photo violated the exclusionary order and they received an answer indicating the photo was not taken at a time that would have violated the TRO. According to Plaintiffs they would have objected had they learned at trial that the photo was not taken during the time period Hightower claimed. The trial court determined that Plaintiffs did not waive their objection to the photo, or their right to enforce the exclusionary ruling, because they did not learn of the violation until after the jury's verdict.

Whether Defendants' Exhibit 106 violated the pre-trial exclusionary order and whether Hightower misrepresented the time the photo was taken are credibility determinations the trial court decided in favor of Plaintiffs. An appellate court may not question determinations of credibility in an original mandamus proceeding. *In re Roof*, 130 S.W.3d 414, 416 (Tex. App.—Houston [14th Dist.] 2004, orig. proceeding).

### III.   Conclusion

The trial court's reason for ordering a mistrial was both sufficiently specific and legally appropriate. In addition, the trial court's reason for granting a mistrial is supported by the record. Relators have not established their entitlement to mandamus

10

relief. We therefore deny relators' petition for writ of mandamus. *See Bent*, 487 S.W.3d at 173.

/s/ Frances Bourliot
   Justice

Panel consists of Chief Justice Frost and Justices Jewell and Bourliot (Frost, C.J. dissenting).