FILED
*November 19, 2015*
Third Court of Appeals
Jeffrey D. Kyle
Clerk

ACCEPTED
03-15-00518-CV
7743778
THIRD COURT OF APPEALS
AUSTIN, TEXAS
11/9/2015 2:18:30 PM
JEFFREY D. KYLE
CLERK

## CASE NO. 03-15-00518-CV

IN THE THIRD COURT OF APPEALS
AUSTIN, TEXAS

RECEIVED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
11/9/2015 2:18:30 PM
JEFFREY D. KYLE
Clerk

_____

### CITY OF SAN MARCOS, TEXAS
*Appellant*

v.

### SAM BRANNON, COMMUNITIES FOR TEXAS THRIVING WATER FLUORIDE-FREE SAN MARCOS, MORGAN KNECHT AND KATHLEEN O'CONNELL
*Appellee*

_____

On Appeal from the 274th Judicial District Court of Hays County, Texas
Honorable R. Bruce Boyer, Judge Presiding
Trial Court Cause Number 15-1266

_____

### APPELLANT'S REPLY BRIEF

_____

**MCKAMIE KRUEGER, LLP**
941 Proton Rd.
San Antonio, Texas 78258
210.546.2122
210.546.2130 (Fax)

William M. McKamie
State Bar No. 13686800
mick@mckamiekrueger.com

**CITY ATTORNEY**
CITY OF SAN MARCOS, TEXAS
512.393.8153
Fax 512.393.3983

Michael J. Cosentino

ORAL ARGUMENT REQUESTED

State Bar No. 04849600
mcosentino@sanmarcostx.gov
**ATTORNEYS FOR APPELLANT**

# **TABLE OF CONTENTS**

INDEX OF AUTHORITIES.................................................................................iv

STATEMENT OF THE CASE.............................................................................2

REPLY POINTS ..................................................................................................2

    Reply Point 1:  Appellees' claim for writ of mandamus is moot....................2

    Reply Point 2:  Appellees' claim for declaratory relief is also moot, as there remains no underlying controversy. ...............................................................2

ARGUMENT & AUTHORITIES ..........................................................................2

    Reply Point 1 ................................................................................................2

    Reply Point 2 ................................................................................................2

PRAYER ..............................................................................................................3

CERTIFICATE OF COMPLIANCE.....................................................................4

CERTIFICATE OF SERVICE .............................................................................5

APPENDIX ..........................................................................................................6

# INDEX OF AUTHORITIES

**Cases**

*City of El Paso v. Heinrich*, 284 S.W.3d 366, 373 n. 6 (Tex. 2009) .........................3

*City of Houston v. Williams*, 216 S.W.3d 827, 828-29 (Tex. 2007) (per curiam).....3

*IT-Davy*, 74 S.W.3d at 855 ................................................................................3

*Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993) .........3

*Tex. Natural Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex. 2002) ................................................................................................................3

CASE NO. 03-15-00518-CV

IN THE THIRD COURT OF APPEALS
AUSTIN, TEXAS

_____

**CITY OF SAN MARCOS, TEXAS**
*Appellant*

v.

**SAM BRANNON, COMMUNITIES FOR TEXAS THRIVING
WATER FLUORIDE-FREE SAN MARCOS, MORGAN KNECHT AND
KATHLEEN O'CONNELL**
*Appellee*

_____

On Appeal from the 274th Judicial District Court of Hays County, Texas
Honorable R. Bruce Boyer, Judge Presiding
Trial Court Cause Number 15-1266

_____

**APPELLANT'S REPLY BRIEF**

_____

TO THE HONORABLE THIRD COURT OF APPEALS:

NOW COMES Appellant, CITY OF SAN MARCOS, TEXAS ("City"), and submits this brief in reply to Appellees' Brief. For clarity, unless otherwise noted, the Appellant shall be referred to as the "City," the Appellees shall retain that reference.

1

## STATEMENT OF THE CASE

## REPLY POINTS

Reply Point 1:     Appellees' claim for writ of mandamus is moot.

Reply Point 2:     Appellees' claim for declaratory relief is also moot, as there remains no underlying controversy.

## ARGUMENT AND AUTHORITIES

*Reply Point 1: Appellees' claim for writ of mandamus is moot.*

This case concerns a dispute regarding the validity of a petition filed with the City of San Marcos City Clerk on April 2, 2015 to place a proposed amendment to the City Charter on the ballot in a special election on **November 3, 2015**. Appellees' pleadings in the trial court restrict the request to a charter amendment election to be held on that date (Appendix A, B, C). Because that specific date has now passed and the objective of petitioners cannot be met, the claim for writ of mandamus is moot. In fact, Appellees' acknowledge mootness: "The statutory deadline for the City of San Marcos to order a special election on the charter amendment that was the subject of Appellees' petition was August 24, 2015." Response Brief of Appellees, p. 4.

Appellees' claims for mandamus relief are moot.

*Reply Point 2:          Appellees' claim for declaratory relief is also moot, as there remains no underlying controversy.*

In the Counterclaim, Appellees seek declaratory relief.

2

"A litigant's couching its requested relief in terms of declaratory relief does not alter the underlying nature of the suit. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 373 n. 6 (Tex. 2009). Here, the sole objective of Appellees' Counterclaims was clearly and unambiguously an order for a special election to be conducted on November 3, 2015.

Generally, the Declaratory Judgment Act does not alter a trial court's jurisdiction. *Tex. Natural Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex. 2002), but is "merely a procedural device for deciding cases already within a court's jurisdiction." *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993). And a litigant's couching its requested relief in terms of declaratory relief does not alter the underlying nature of the suit. *Heinrich*, 284 S.W.3d at 370-71; *IT-Davy*, 74 S.W.3d at 855.

Because jurisdiction is lacking over the claim for writ of mandamus, there is no right to relief under the Declaratory Judgment Act. *See City of Houston v. Williams*, 216 S.W.3d 827, 828-29 (Tex. 2007) (per curiam).

The Court lacks jurisdiction.

## **PRAYER**

The City prays this Honorable Court reverse and render in favor of the City and against Appellees, and dismiss all of Appellees' counterclaims, including claims for writ of mandamus and for declaratory relief, for lack of jurisdiction.

3

Respectfully submitted,

**MCKAMIE KRUEGER, LLP**
941 Proton Rd.
San Antonio, Texas 78258
210.546.2122
210.546.2130 (Fax)

/s/: William M. McKamie
WILLIAM M. McKAMIE
State Bar No. 13686800
mick@mckamiekrueger.com

and

**CITY ATTORNEY**
CITY OF SAN MARCOS, TEXAS
512.393.8153
Fax 512.393.3983

/s/: Michael J. Cosentino
Michael J. Cosentino
State Bar No. 04849600
mcosentino@sanmarcostx.gov

**ATTORNEYS FOR DEFENDANT**
**CITY OF SAN MARCOS, TEXAS**

## CERTIFICATE OF COMPLIANCE

I certify that this document is in compliance with Tex. R. App. P. 9.4 (e) and (i). It contains 1,168 words excluding the exempted parts of the document. The body text is in 14 point font, and the footnote text is in 12 point font.

/s/ William M. McKamie
WILLIAM M. McKAMIE

4

## **CERTIFICATE OF SERVICE**

I certify that a copy of Appellant's Reply Brief was served in accordance with the Texas Rules of Appellate Procedure as indicated below on November 6. 2015 addressed to:

Craig F. Young
108 E. San Antonio
San Marcos, Texas 78666
512.847.7809
512.393.1212 (Fax)
cyoung@lawyer.com
*Attorney for Morgan Knecht*

Lynn Peach
147 S. Guadalupe, Suite 101
San Marcos, Texas 78666
512.393.9991
888.428.0468 (Fax)
lynn@lynnpeachlaw.com
*Attorney for Sam Brannon*

Brad Rockwell
707 Rio Grande, Ste. 200
Austin, Texas 78701
SBN 17129600
brad@LF-lawfirm.com
512-469-6000
512-482-9346 (fax)
*Attorney for Kathleen O'Connell and*
*Communities for Thriving Water-Fluoride*
*Free San Marcos*

/s/ William M. McKamie____
WILLIAM M. McKAMIE

IN THE THIRD COURT OF APPEALS
AUSTIN, TEXAS

_____

**CITY OF SAN MARCOS, TEXAS**
*Appellant*

v.

**SAM BRANNON, COMMUNITIES FOR TEXAS THRIVING
WATER FLUORIDE-FREE SAN MARCOS, MORGAN KNECHT AND
KATHLEEN O'CONNELL**
*Appellee*

_____

On Appeal from the 274th Judicial District Court of Hays County, Texas
Honorable R. Bruce Boyer, Judge Presiding
Trial Court Cause Number 15-1266

_____

## APPELLANT'S APPENDIX

_____

A.    Counterclaims of Communities for Thriving Water-Fluoride Free San Marcos, and Kathleen O'Connell *filed July 17, 2015*(CR: 20)

B.    Counterclaims filed on behalf of Sam Brannon, *filed July 17, 2015* (CR: 35)

C.    First Amended Counterclaims of Communities for Thriving Water-Fluoride Free San Marcos, and Kathleen O'Connell, *filed August 4, 2015* (CR: 56)

FILED
7/17/2015 4:30:22 PM
Beverly Crumley
District Clerk
Hays County, Texas

CASE NO. 15-1266

| | | |
|---|---|---|
| CITY OF SAN MARCOS, TEXAS, | § | |
| *Plaintiff and Counter-Defendant*, | § | |
| | § | IN THE DISTRICT COURT |
| v. | § | |
| | § | |
| COMMUNITIES FOR THRIVING | § | |
| WATER-FLUORIDE FREE SAN | § | |
| MARCOS, AND KATHLEEN | § | OF HAYS COUNTY, TEXAS |
| O'CONNELL | § | |
| *Defendants and Counter-claimants*, | § | |
| | § | |
| and | § | |
| | § | 274TH JUDICIAL DISTRICT |
| SAM BRANNON and MORGAN | § | |
| KNECHT, | § | |
| *Defendants*. | § | |

## COUNTERCLAIMS
## OF COMMUNITIES FOR THRIVING WATER-
## FLUORIDE FREE SAN MARCOS, AND KATHLEEN O'CONNELL

## *EXPEDITED CONSIDERATION IS REQUESTED.*

**TO THE HONORABLE JUDGE OF THE COURT:**

COME NOW Communities for Thriving Water Fluoride-Free San Marcos

("Communities"), and Kathleen O'Connell (collectively "Defendants" or

"Counterclaimants"), and file these Counterclaims against Plaintiff and Counter-

Defendant City of San Marcos, and in support therewith, respectfully offer the following:

**Appendix - A**

000020

## I.
## NATURE OF THE CASE AND DISCOVERY CONTROL PLAN

1. Counterclaimants intend that discovery be conducted under Level 3, Texas Rule of Civil Procedure 190.4.

2. Communities and Kathleen O'Connell submitted to Plaintiff and Counter-Defendant City of San Marcos a Petition for an amendment to the Charter of the City of San Marcos to bar the addition of fluoride to the San Marcos public water supply ("Petition") on April 1, 2015. Substantially more than 5% of the voters within the City of San Marcos signed this Petition. The City of San Marcos, however, has refused to submit the proposed charter amendment to the voters as required by section 9.004(a) of the Texas Local Government Code.

3. The San Marcos City Clerk has refused to even count the signatures for the Petition, taking the position that all the signatures are "invalid" because "none of the petition papers contains an oath or affirmation." As a matter of Texas statute and the San Marcos City Charter, there is no requirement that petitions for a City Charter amendment contain an oath or affirmation. Such a requirement in this situation would be a violation of Article I, Section 2 and Article XI Section 5 of the Texas Constitution as well as a violation of the First and Fourteenth Amendments of the United States Constitution.

4. The City of San Marcos has filed a hysterical and punitive lawsuit against the Defendants, and made allegations that are known to the City to be false. San

2

000021

Marcos has asked the Court to award it attorney's fees for the costs San Marcos has incurred filing suit against Defendants.

5. Communities and Kathleen O'Connell as Counterclaimants seek a writ of mandamus and injunction ordering the Counter-Defendant to place the charter amendment on the ballot for the November 3, 2015 election. They also seek related declaratory relief.

6. Under the authority of §37.008 of the Texas Civil Practice and Remedies Code, Counterclaim Plaintiffs hereby sue to recover their costs and reasonable and necessary attorney's fees in both the trial of this case and in connection with any subsequent appeal.

7. Counterclaimants seek monetary relief of $100,000 or less and nonmonetary injunctive, declaratory and mandamus relief.

8. The Texas Election Code requires general elections to be ordered not later than the 78th day before Election Day. Applied here, the deadline for San Marcos to order an election for the proposed Charter amendments is August 17, 2015, one month from today.

9. For this reason, expedited consideration is requested.

**II.**
**PARTIES**

10. Counterclaimant Communities for Thriving Waters Fluoride-Free San Marcos is an association created to cause Counter-Defendant San Marcos to stop adding fluoride to its public water supply. Communities submitted the Petition

3

000022

to amend the San Marcos charter to prohibit fluoridation. Most of Communities members are residents of San Marcos, registered and qualified voters, and have signed the Petition. Most of the members of Communities wish to vote for the Charter amendment in an election. Most of the members are customers of San Marcos' public water system. San Marcos initiated the instant lawsuit by filing suit against Communities.

11. Counterclaimant Kathleen O'Connell is a member of Communities and has submitted the Petition to San Marcos and she has been sued by San Marcos for doing so. San Marcos initiated the instant lawsuit by filing suit against Kathleen O'Connell.

12. Counter-Defendant City of San Marcos is a home rule Texas City and is represented by the City Attorney in this lawsuit. San Marcos is the initial Plaintiff in this lawsuit, having sued its citizens for submitting a City Charter Amendment petition and asking the Court to judge these citizens liable for the attorney's fees resulting from the City's lawsuit.

## III.
## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction pursuant to Texas Civil Practice and Remedies Code section 32.003, Texas Government Code section 24.008, and Article V, section 8 of the Texas Constitution.

14. Venue is proper in Hays County, Texas, under Sections 15.002 and 15.004 of the Texas Civil Practice and Remedies Code.

4

000023

15. Counterclaimants are aware of scientific research indicating that fluoridation of the public water supply is detrimental to human health. Hundreds of cities agree and have decided to stop adding fluoride to their public drinking water. Among the Texas cities that have stopped adding fluoride to their waters are: College Station, Alamo Heights, Elgin, and Lago Vista. Other cities who no longer fluoridate their public water supply include Albuquerque, New Mexico; Honolulu, Hawaii; Colorado Springs, Colorado; Spokane, Olympia, and Bellingham, Washington; Davis, Redding, Santa Barbara, and Santa Cruz, California; Portland, Oregon; Fairbanks and Juneau, Alaska; and Quebec City, Windsor, and Calgary, Canada.

16. The City of College Station estimated a savings to its taxpayers of about $40,000 attributable to the discontinuation of fluoridation.

17. Counterclaimants began discussions with San Marcos city officials in the year 2013 in an attempt to convince them to discontinue fluoridation of San Marcos water.

18. On August 13, 2013, the San Marcos Executive Director of Public Services, Tom Taggart, sent a memo to the San Marcos Mayor, City Council, and City Clerk summarizing the requests being made by Counterclaimants. Among other things, the Mayor, City Council, and City Clerk were informed by their staff that Counterclaimant O'Connell's and Communities' goal was to "cease

5

fluoridation of the drinking water supply in San Marcos" and to stop "the addition of fluoride to the Public Drinking water supply." Mr. Taggart also informed the Mayor, City Council and City Clerk that Counterclaimants wished to see the "Fluoride feed equipment."

19. On August 13, 2013, the San Marcos Executive Director of Public Services also informed the Mayor, City Council, and City Clerk that "a policy change could result in the discontinuation of the treatment at any time" and that the effect on the budget would be a savings in the annual cost to San Marcos of fluoridation which amounted to $14,000.

20. Counterclaimants have never asked San Marcos to remove naturally-occurring fluoride in the drinking water.

21. On April 12, 2015, Counterclaimants submitted to San Marcos a Petition with over 2,000 signatures for a Charter Amendment to be placed on the ballot for the consideration of voters. Counterclaimants pre-verified that at least 1,634 of these signatures were of valid San Marcos voters. This number of voters significantly exceeds 5% of the number of San Marcos registered voters.

22. If approved by the voters, the Charter Amendment would preclude San Marcos from adding fluoride to its public water supply. The Petition was titled a "PETITION to BAN FLOURIDATION in CITY OF SAN MARCOS WATER." The Charter language proposed by the Petition read:

> The City of San Marcos … shall not fluoridate the public water supply or accept any fluoridated water for use in the San Marcos water system, including but not limited to the addition of

6

000025

Hydrofluorosilicic Acid, Hexafluorosilicic Acid, Sodium Silicofluoride, or any other fluoride derivative. The City of San Marcos shall not purchase, install, or allow the installation of fluoridation equipment to be used in relation to the San Marcos municipal water supply or its distribution system.

23. Nowhere in the Petition was there any request or requirement that San Marcos remove naturally-occurring fluoride that sometimes is found in its source of water.

24. On April 7, 2015, Counterclaimant O'Connell and Defendant Brannon met with San Marcos City Manager Jared Miller. Mr. Miller asked multiple questions about removing naturally-occurring fluoride. O'Connell and Brannon responded to each of his questions, explaining carefully that neither they nor Communities, nor the Petition ever mentioned or requested that naturally-occurring fluoride be removed from San Marcos water.

25. The San Marcos City Clerk refused to even count the signatures on the Petition submitted to her. On May 6, she announced that "none of the petition papers contains an oath or affirmation [and therefore] none of the signatures may be counted."

26. On May 18, Communities and O'Connell sent a letter to the Mayor and City Council of San Marcos asking them to place the Charter amendment measure on the ballot as required by section 9.004(a) of the Texas Local Government Code.

27. This request was again made on June 16, 2015.

7

000026

28. Counterclaimants made demand on the City of San Marcos to submit the proposed charter amendment to the voters as required by section 9.004(a) of the Texas Local Government Code. But the City of San Marcos has refused.

29. On or about June 18, 2015, the City of San Marcos filed suit against Counterclaimants, Sam Brannon, and Morgan Knecht seeking declaratory relief and a judgment asking Kathleen O'Connell, Sam Brannon, Morgan Knecht, and Communities for Thriving Waters – Fluoride Free San Marcos to pay the City's attorney's fees.

30. The City seeks a declaration validating the position it took with regard to the alleged oath or affidavit requirement for City charter petitions.

31. The City also alleged that the Petitioned charter amendment

> would prohibit the City of San Marcos from accepting …
> naturally fluoridated surface water and groundwater … forcing
> the City to find, finance and develop a new raw water supply or to
> design and install equipment at its surface water treatment plant
> and ground water wells in an attempt to remove all fluoride
> derivatives….

San Marcos further alleged that the cost to the City of doing this would exceed $97 million.

32. As a result of the filing of this lawsuit, these knowingly false allegations have been repeated by the news media as if they were true.

33. The effect of these legally and factually baseless claims has been to cast the Counterclaimants and their work in a false light, harm their reputations, and

8

000027

falsely prejudice the voters of San Marcos against this proposed Charter amendment.

## V.
## MANDAMUS

34. Counterclaimants submitted to Counterdefendant City of San Marcos a Petition for a Charter amendment containing more than 1,634 valid signatures of qualified voters of the City of San Marcos, pursuant to section 277.002(a) of the Texas Election Code and section 9.004(a) of the Texas Local Government Code.

35. The number of these qualified signatures exceeded the requirements of section 9.004(a). Five percent of the number of qualified San Marcos voters is approximately 964.

36. "When the requisite number of qualified signatures sign such a petition, the municipal authority must put the measure to a popular vote." *Blume v. Lanier*, 997 S.W.2d 259, 262 (Tex. 1999).

37. The City of San Marcos had a non-discretionary ministerial duty to put the Charter amendment requested by the Petition on the ballot.

38. By refusing to place the Charter amendment on the ballot, San Marcos abused its discretion.

39. Counterclaimants are entitled to immediate mandamus relief. Without the issuance of a mandamus, Counterclaimants may not have a remedy at law.

9

000028

## VI.
## INJUNCTION AGAINST VIOLATIONS
## OF ART. I, § 2 AND ART. IX, § 5 OF THE TEXAS CONSTITUTION

40. The city charter petition process implements Article I, section 2 of the Texas Bill of Rights, which states that "All political power is inherent in the people." *Green v. City of Lubbock*, 627 S.w.2d 868, 871 (Tex. App. – Amarillo 1982, writ ref'd n.r.e.).

41. The system of petitioning for a charter amendment "has its historical roots in the people's dissatisfaction with officialdom's refusal to enact laws." *Green*, 627 S.W.2d at 871. It is "the exercise by the people of a power reserved to them." *Taxpayers' Ass'n of Harris County v. City of Houston*, 105 S.W.2d 655, 657 (Tex. 1937).

42. As a matter of constitutional law, all rights relating to submitting petitions for a vote on a charter amendment should be liberally construed in favor of the power reserved to the people. *Taxpayers' Ass'n*, 105 S.W.2d at 657.

43. The law has long been that city charter requirements for amending a charter by petition are different than the requirements for passing ordinances by initiative and referendum. *See Edwards v. Murphy*, 256 S.W.2d 470 (Tex. Civ. App. – Fort Worth 1953, dism'd).

44. The San Marcos City Charter has only one section, 12.11, expressly defining the process for amending the City Charter. It is titled "Amending the City Charter" and reads in its entirety:

10

000029

> Amendments to this Charter may be framed and submitted to the voters of the City in the manner provided by <u>state</u> law.

(emphasis supplied).

45. This section 12.11 Charter provision is consistent with Art. XI § 5 of the Texas Constitution which says the "amendment of charters is subject to such limitations as may be prescribed by the Legislature."

46. San Marcos has transgressed this constitutional provision by imposing signature validation requirements that are more onerous than what is specifically prescribed by the Legislature – e.g. which are more restrictive than and not consistent with Election Code section 277.002(a).

47. With respect to the Counterclaimants' fluoridation petition, San Marcos has taken the position that the criteria for establishing the validity of Charter amendment petitions is not found in state law, but rather in a section of the San Marcos Charter, section 6.03, which is not even mentioned by the Charter section 12.11 entitled "Amending the City Charter." Section 6.03 references petitions for ordinances rather than Charter amendments.

48. Because the submission of signatures verified under oath is required to place a citizen-initiated ordinance on the ballot, San Marcos takes the position that a similar oath or verification is required for a petition to amend the Charter.

49. By adding this onerous requirement that State statutes do not prescribe, San Marcos violates Art. XI, § 5 of the Texas Constitution. By imposing onerous oath and verification requirements for signatures on petitions to amend the City

11

000030

Charter, San Marcos is diminishing the powers reserved to the people in violation of Article I, section 2 of the Texas Constitution.

50. Counterclaimants ask that San Marcos be enjoined from denying their Constitutional right to seek amendment of the Charter by petition and that San Marcos be ordered to place Counterclaimants' Charter amendment regarding fluoride on the ballot. *See Andrade v. NAACP of Austin*, 345 S.W.3d 1 (Tex. 2011).

## VII.
## DECLARATORY RELIEF

51. Pleading in the alternative, if as San Marcos contends, City Charter section 6.03 and/or Texas Election Code section 277.004 are correctly interpreted to require Counterclaimants to submit charter petitions that are affirmed under oath in order to establish the right to get a proposed charter amendment on the ballot, Counterclaimants seek a declaration pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code that section 6.03 and section 277.004 as applied to Counterclaimants are invalid as inconsistent with the First and Fourteenth Amendments to the United States Constitution.

52. There is no indication of fraud or invalidity of the 1,634 already-verified signatures that were submitted. In this context, to require these signatures to be submitted under oath would serve no rational purpose. A requirement for an oath or affirmation is not narrowly tailored to advance a compelling state interest.

12

000031

53.     Counterclaimants in addition seek a declaration that an ordinance putting the anti-fluoride charter amendment on the ballot would be valid.

54.     Counterclaimants in addition seek recovery from San Marcos of attorney's fees and costs incurred before this Court and any appellate court pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code.

## PRAYER

For the reasons given above, Counterclaimants Communities for Thriving Waters – Fluoride-Free San Marcos and Kathleen O'Connell respectfully ask the Court to grant them the following: a writ of mandamus and injunction ordering Counter-Defendant City of San Marcos to place Counterclaimants' proposed Charter amendment on the November 2015 election ballot. Additionally, but only in the event that the Court agrees with San Marcos' contention that City Charter section 6.03 and Texas Election Code section 277.004 require Charter Petition signatures to be verified under oath, Counterclaimants seek a declaration that Charter section 6.03 and Texas Election Code section 277.004 are invalid as applied to Counterclaimants' petition; attorney's fees under Texas Civil Practice and Remedies Code section 37.008; and any other relief to which they may be entitled.

Respectfully submitted,

/s/ Brad Rockwell
Brad Rockwell
SBT No. 17129600

FREDERICK, PERALES,

13

ALLMON & ROCKWELL, P.C.
707 Rio Grande St., Ste. 200
Austin, Texas 78701
(512) 469-6000
(512) 482-9346 facsimile
brad@LF-lawfirm.com

ATTORNEYS FOR KATHLEEN
O'CONNELL AND
COMMUNITIES FOR
THRIVING WATER –
FLOURIDE FREE SAN
MARCOS

14

000033

## CERTIFICATE OF SERVICE

By my signature, below, I certify that on July 17, 2015, a true and correct copy of the foregoing document was served upon the City of San Marcos *via* e-mail, as indicated, and by deposit in the U.S. mail, in accordance with the Texas Rules of Civil Procedure, on the other parties.

/s/ Brad Rockwell
Brad Rockwell

**FOR THE CITY OF SAN MARCOS:**
Michael J. Cosentino
San Marcos City Attorney
630 East Hopkins
San Marcos, Texas 78666
(512) 393- 8151
(855) 759- 2846 fascimile
mcosentino@sanmarcostx.gov

**FOR SAM BRANNON:**
Lynn Peach
174 S. Guadalupe Street, No. 101
(512) 393-9991
(888) 428-0468 facsimile
lynn@lynnpeachlaw.com

**FOR MORGAN KNECHT:**
Morgan Knecht
235 Craddock Avenue
Unit B
San Marcos, Texas 78666

15

000034

FILED
7/17/2015 3:35:28 PM
Beverly Crumley
District Clerk
Hays County, Texas

CASE NO. 15-1266

| | | |
|---|---|---|
| CITY OF SAN MARCOS, TEXAS, *Plaintiff and Counter-Defendant,* | § § § | IN THE DISTRICT COURT |
| v. | § § § | |
| SAM BRANNON, COMMUNITIES FOR THRIVING WATER-FLUORIDE FREE SAN MARCOS, AND KATHLEEN O'CONNELL *Defendants and Counter-claimants,* | § § § § § § | OF HAYS COUNTY, TEXAS |
| And | § § | 274TH JUDICIAL DISTRICT |
| MORGAN KNECHT, *Defendant.* | § § § § | |

## COUNTERCLAIMS

## *EXPEDITED CONSIDERATION IS REQUESTED.*

### TO THE HONORABLE JUDGE OF THE COURT:

COME NOW Sam Brannon, Defendant in this suit, and files these Counterclaims against Plaintiff and Counter-Defendant City of San Marcos, and in support therewith, respectfully offer the following:

**Appendix - B**

000035

# I.
## NATURE OF THE CASE AND DISCOVERY CONTROL PLAN

1.      Counterclaimant intends that discovery be conducted under Level 3, Texas Rule of Civil Procedure 190.4.

2.      Sam Brannon has submitted to Plaintiff and Counter-Defendant City of San Marcos a Petition for an amendment to the Charter of the City of San Marcos to bar the addition of fluoride to the San Marcos public water supply ("Petition"). Substantially more than 5% of the voters within the City of San Marcos signed this Petition. The City of San Marcos, however, has refused to submit the proposed charter amendment to the voters as required by section 9.004(a) of the Texas Local Government Code.

3.      The San Marcos City Clerk has refused to even count the signatures for the Petition, taking the position that all the signatures are "invalid" because "none of the petition papers contains an oath or affirmation." As a matter of Texas statute and the San Marcos City Charter, there is no requirement that petitions for a City Charter amendment contain an oath or affirmation. Such a requirement in this situation would be a violation of Article I, Section 2 and Article XI Section 5 of the Texas Constitution as well as a violation of the First and Fourteenth Amendments of the United States Constitution.

4.      The City of San Marcos has filed a hysterical and punitive lawsuit against the Defendant, and made allegations that are known to the City to be false. San

2

000036

Marcos has asked the Court to award it attorney's fees for the costs San Marcos has incurred filing suit against Defendant.

5. Sam Brannon as Counterclaimant seeks a writ of mandamus and injunction ordering the Counter-Defendant to place the charter amendment on the ballot for the November 3, 2015 election. They also seek related declaratory relief.

6. Under the authority of §37.008 of the Texas Civil Practice and Remedies Code, Counterclaim Plaintiff hereby sues to recover its costs and reasonable and necessary attorney's fees in both the trial of this case and in connection with any subsequent appeal.

7. Counterclaimant seeks monetary relief of $100,000 or less and nonmonetary injunctive, declaratory and mandamus relief.

8. The law requires that disputes over ballots be decided 45 days in advance of the election. Applied here, the deadline for resolution of this matter is September 19, 2015, in approximately 12 weeks.

9. For this reason, expedited consideration is requested.

## II.
## PARTIES

10. Counterclaimant Sam Brannon is registered to vote in San Marcos. He resides in San Marcos and uses domestic water provided by San Marcos. He has signed the Petition and has submitted it to San Marcos. He wishes to vote for the Charter Amendment. San Marcos initiated the instant lawsuit by filing suit against Sam Brannon.

3

000037

11. Counter-Defendant City of San Marcos is a home rule Texas City and is represented by the City Attorney in this lawsuit. San Marcos is the initial Plaintiff in this lawsuit, having sued its citizens for submitting a City Charter Amendment petition and asking the Court to order these citizens liable for the attorney's fees resulting from the City's lawsuit.

## III.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction pursuant to Texas Civil Practice and Remedies Code section 32.003, Texas Government Code section 24.008, and Article V, section 8 of the Texas Constitution.

13. Venue is proper in Hays County, Texas, under Sections 15.002, 15.0151, and 15.004 of the Texas Civil Practice and Remedies Code.

## IV.

## FACTS

14. Counterclaimant is aware of scientific research indicating that fluoridation of the public water supply, is detrimental to health. Hundreds of cities agree and have decided to stop adding fluoride to their public drinking water. Among the Texas cities who have stopped adding fluoride to their waters are: College Station, Alamo Heights, Elgin, and Lago Vista. Other cities who no longer fluoridate their public water supply include Albuquerque, New Mexico;

4

000038

Honolulu, Hawaii; Colorado Springs, Colorado; Spokane, Olympia, and Bellingham, Washington; Davis, Redding, Santa Barbara, and Santa Cruz, California; Portland, Oregon; Fairbanks and Juneau, Alaska; and Quebec City, Windsor, and Calgary, Canada.

15. The City of College Station estimated a savings to its taxpayers of about $40,000 attributable to the discontinuation of fluoridation.

16. Counterclaimant along with other named Defendants began discussions with San Marcos city officials in the year 2013 in an attempt to convince them to discontinue fluoridation of San Marcos water.

17. On August 13, 2013, the San Marcos Executive Director of Public Services, Tom Taggart, sent a memo to the San Marcos Mayor, City Council and City Clerk summarizing the requests being made by Counterclaimant and other named Defendants. Among other things, the Mayor, City Council and City Clerk were informed by their staff that Counterclaimant Brannon's and other named Defendants goal was to "cease fluoridation of the drinking water supply in San Marcos" and to stop "the addition of fluoride to the Public Drinking water supply." Mr. Taggart also informed the Mayor, City Council and City Clerk that Counterclaimant and other named Defendants wished to see the "Fluoride feed equipment."

18. On August 13, 2013, the San Marcos Executive Director of Public Services also informed the Mayor, City Council and City Clerk that "a policy change could result in the discontinuation of the treatment at any time" and that the

5

000039

effect on the budget would be a savings in the annual cost to San Marcos of fluoridation which amounted to $14,000.

19. Counterclaimant has never asked San Marcos to remove naturally-occurring fluoride in the drinking water.

20. On April 12, 2015, Counterclaimant along with other named Defendants submitted to San Marcos a Petition with over 2000 signatures for a Charter Amendment to be placed on the ballot for the consideration of voters. Counterclaimant along with other named Defendants pre-verified that at least 1,634 of these signatures were the of valid San Marcos voters. This number of voters significantly exceeds 5% of the number of San Marcos registered voters.

21. If approved by the voters, the Charter Amendment would preclude San Marcos from adding fluoride to its public water supply. The Petition was titled a "PETITION to BAN FLOURIDATION in CITY OF SAN MARCOS WATER." The Charter language proposed by the Petition read:

> The City of San Marcos … shall not fluoridate the public water supply or accept any fluoridated water for use in the San Marcos water system, including but not limited to the addition of Hydrofluorosilicic Acid, Hexafluorosilicic Acid, Sodium Silicofluoride, or any other fluoride derivative. The City of San Marcos shall not purchase, install, or allow the installation of fluoridation equipment to be used in relation to the San Marcos municipal water supply or its distribution system.

22. Nowhere in the Petition was there any request or requirement that San Marcos remove naturally-occurring fluoride that sometimes is found in its source of water.

6

000040

23. On April 7, 2015, Counterclaimant Brannon along with Defendant Kathleen O'Connell met with San Marcos City Manager Jared Miller. Mr. Miller asked multiple questions about removing naturally-occurring fluoride. O'Connell and Brannon responded to each of his questions, explaining carefully that neither they nor Communities, nor the Petition ever mentioned or requested that naturally-occurring fluoride be removed from San Marcos water.

24. The San Marcos City Clerk refused to even count the signatures on the Petition submitted to her. On May 6, she announced that "none of the petition papers contains an oath or affirmation [and therefore] none of the signatures may be counted."

25. On May 18, Communities and Defendant O'Connell sent a letter to the Mayor and City Council of San Marcos asking them to place the Charter amendment measure on the ballot as required by section 9.004(a) of the Texas Local Government Code.

26. This request was again made on June 16, 2015.

27. Counterclaimant made demand on the City of San Marcos to submit the proposed charter amendment to the voters as required by section 9.004(a) of the Texas Local Government Code. But the City of San Marcos has refused.

28. On or about June 18, 2015, the City of San Marcos filed suit against Counterclaimant seeking declaratory relief and a judgment asking Sam Brannon and other Defendants to pay the City's attorney's fees.

7

000041

29.    The City seeks a declaration validating the position it took with regard to the alleged oath or affidavit requirement for City charter petitions.

30.    The City also alleged that the Petitioned charter amendment

> would prohibit the City of San Marcos from accepting …
> naturally fluoridated surface water and groundwater … forcing
> the City to find, finance and develop a new raw water supply or to
> design and install equipment at its surface water treatment plant
> and ground water wells in an attempt to remove all fluoride
> derivatives….

San Marcos further alleged that the cost to the City of doing this would exceed $97 million.

31.    As a result of the filing of this lawsuit, these knowingly false allegations have been repeated by the news media as if they were true.

32.    San Marcos' allegations regarding the substance, meaning and consequences of the proposed Charter amendment moreover are not even ripe for adjudication and cannot properly be considered by this Court. *In re Roof*, 130 S.W.3d 414, 417-418 (Tex. App. – Houston [14th Dist.] 2004, orig. proc.); *Coalson v. City of Victoria*, 610 S.W.2d 744, 745 (Tex. 1980).

33.    The effect of these legally and factually baseless claims has been to cast the Counterclaimant and the work in a false light, harm his reputation, and falsely prejudice the voters of San Marcos against this proposed Charter amendment.

000042

## V.

## MANDAMUS

34. Counterclaimant along with other named Defendants submitted to Counterdefendant City of San Marcos a Petition for a Charter amendment containing more than 1,634 valid signatures of qualified voters of the City of San Marcos.

35. Each of these 1,634 signatures was valid pursuant to section 277.002(a) of the Texas Election Code and section 9.004(a) of the Texas Local Government Code.

36. The number of these qualified signatures exceeded the requirements of section 9.004(a). Five percent of the number of qualified San Marcos voters is approximately 964.

37. "When the requisite number of qualified signatures sign such a petition, the municipal authority must put the measure to a popular vote." *Blume v. Lanier*, 997 S.W.2d 259, 262 (Tex. 1999).

38. The City of San Marcos had a non-discretionary ministerial duty to put the Charter amendment requested by the Petition on the ballot.

39. By refusing to place the Charter amendment on the ballot, San Marcos abused its discretion.

9

000043

40. Counterclaimant is entitled to immediate mandamus relief. Without the issuance of a mandamus, Counterclaimant may not have a remedy at law.

## VI.

### INJUNCTION AGAINST VIOLATIONS
### OF ART. I, § 2 AND ART. IX, § 5 OF THE TEXAS CONSTITUTION

41. The city charter petition process implements Article I, section 2 of the Texas Bill of Rights, which states that "All political power is inherent in the people." *Green v. City of Lubbock*, 627 S.w.2d 868, 871 (Tex. App. – Amarillo 1982, writ ref'd n.r.e.).

42. The system of petitioning for a charter amendment "has its historical roots in the people's dissatisfaction with officialdom's refusal to enact laws." *Green*, 627 S.W.2d at 871. It is "the exercise by the people of a power reserved to them." *Taxpayers' Ass'n of Harris County v. City of Houston*, 105 S.W.2d 655, 657 (Tex. 1937).

43. As a matter of constitutional law, all rights relating to submitting petitions for a vote on a charter amendment should be liberally construed in favor of the power reserved to the people. *Taxpayers' Ass'n*, 105 S.W.2d at 657.

44. The law has long been that city charter requirements for amending a charter by petition are different than the requirements for passing ordinances by initiative

10

000044

and referendum. *See Edwards v. Murphy*, 256 S.W.2d 470 (Tex. Civ. App. – Fort Worth 1953, dism'd).

45. The San Marcos City Charter has only one section, 12.11, expressly defining the process for amending the City Charter. It is titled "Amending the City Charter" and reads in its entirety:

> Amendments to this Charter may be framed and submitted to the voters of the City in the manner provided by state law.

(emphasis supplied).

46. This section 12.11 Charter provision is consistent with Art. XI § 5 of the Texas Constitution which says the "amendment of charters is subject to such limitations as may be prescribed by the Legislature."

47. San Marcos has transgressed this constitutional provision by imposing signature validation requirements that are more onerous than what is specifically prescribed by the Legislature – e.g. which are more restrictive than and not consistent with Election Code section 277.002(a).

48. With respect to the Counterclaimant's fluoridation petition, San Marcos has taken the position that the criteria for establishing the validity of Charter amendment petitions is not found in state law, but rather in a section of the San Marcos Charter, section 6.03, which is not even mentioned by the Charter section 12.11 entitled "Amending the City Charter." Section 6.03 references petitions for ordinances rather than Charter amendments,

11

000045

49.	Because the submission of signatures verified under oath is required to place a citizen-initiated ordinance on the ballot, San Marcos takes the position that a similar oath or verification is required for a petition to amend the Charter.

50.	By adding this onerous requirement that State statutes do not prescribe, San Marcos violates Art. XI, § 5 of the Texas Constitution. By imposing onerous oath and verification requirements for signatures on petitions to amend the City Charter, San Marcos is diminishing the powers reserved to the people in violation of Article I, section 2 of the Texas Constitution.

51.	Counterclaimant asks that San Marcos be enjoined from denying their Constitutional right to seek amendment of the Charter by petition and that San Marcos be ordered to place Counterclaimants' Charter amendment regarding fluoride on the ballot. *See Andrade v. NAACP of Austin*, 345 S.W.3d 1 (Tex. 2011).

## VII.

## DECLARATORY RELIEF

52.	Pleading in the alternative, if as San Marcos contends, City Charter section 6.03 and/or Texas Election Code section 277.004 are correctly interpreted to require Counterclaimant to submit charter petitions that are affirmed under oath in order to establish the right to get a proposed charter amendment on the ballot, Counterclaimants seek a declaration pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code that section 6.03 and section 277.004 as

12

000046

applied to Counterclaimant is invalid as inconsistent with the First and Fourteenth Amendments to the United States Constitution.

53. There is no indication of fraud or invalidity of the 1,634 already-verified signatures that were submitted. In this context, to require these signatures to be submitted under oath would serve no rational purpose. A requirement for an oath or affirmation is not narrowly tailored to advance a compelling state interest.

54. Counterclaimant in addition seeks a declaration that their requested ordinance putting the anti-fluoride charter amendment on the ballot would be valid.

55. Counterclaimant in addition seeks recovery from San Marcos of attorney's fees and costs incurred before this Court and any appellate court pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code.

## PRAYER

For the reasons given above, Counterclaimant Sam Brannon respectfully asks the Court to grant him the following: a writ of mandamus and injunction ordering Counter-Defendant City of San Marcos to place Counterclaimants' proposed Charter amendment on the November 2015 election ballot. Additionally, but only in the event that the Court agrees with San Marcos' contention that City Charter section 6.03 and Texas Election Code section 277.004 require Charter Petition signatures to be verified under oath, Counterclaimant seeks a declaration that Charter section 6.03 and Texas Election Code section 277.004 are invalid as applied to Counterclaimant's petition; attorney's fees under

13

000047

Texas Civil Practice and Remedies Code section 37.008; and any other relief to which they may be entitled.

Respectfully submitted,

Lynn Peach
SBT No. 00792746

174 S. Guadalupe Street, Ste 101
San Marcos, Texas 78666

(512)393-9991
(888)428-0468 facsimile
lynn@lynnpeachlaw.com

14

000048

CASE NO. 15-1266

| | | |
|---|---|---|
| CITY OF SAN MARCOS, TEXAS, *Plaintiff and Counter-Defendant*, | § § § | IN THE DISTRICT COURT |
| v. | § § | |
| COMMUNITIES FOR THRIVING WATER-FLUORIDE FREE SAN MARCOS, AND KATHLEEN O'CONNELL *Defendants and Counter-claimants*, | § § § § § § | OF HAYS COUNTY, TEXAS |
| and | § § | |
| SAM BRANNON and MORGAN KNECHT, *Defendants*. | § § § § | 274TH JUDICIAL DISTRICT |

**FIRST AMENDED COUNTERCLAIMS
OF COMMUNITIES FOR THRIVING WATER-
FLUORIDE FREE SAN MARCOS, AND KATHLEEN O'CONNELL**

## *EXPEDITED CONSIDERATION IS REQUESTED.*

**TO THE HONORABLE JUDGE OF THE COURT:**

COME NOW Communities for Thriving Water Fluoride-Free San Marcos ("Communities"), and Kathleen O'Connell (collectively "Defendants" or "Counterclaimants"), and file these First Amended Counterclaims against Plaintiff and Counter-Defendant City of San Marcos, and in support therewith, respectfully offer the following:

**Appendix - C**

000056

# I.
## NATURE OF THE CASE AND DISCOVERY CONTROL PLAN

1. Counterclaimants intend that discovery be conducted under Level 3, Texas Rule of Civil Procedure 190.4.

2. Communities and Kathleen O'Connell submitted to Plaintiff and Counter-Defendant City of San Marcos a Petition for an amendment to the Charter of the City of San Marcos to bar the addition of fluoride to the San Marcos public water supply ("Petition") on April 1, 2015. Substantially more than 5% of the voters within the City of San Marcos signed this Petition. The City of San Marcos, however, has refused to submit the proposed charter amendment to the voters as required by section 9.004(a) of the Texas Local Government Code.

3. The San Marcos City Clerk has refused to even count the signatures for the Petition, taking the position that all the signatures are "invalid" because "none of the petition papers contains an oath or affirmation." As a matter of Texas statute and the San Marcos City Charter, there is no requirement that petitions for a City Charter amendment contain an oath or affirmation. Such a requirement in this situation would be a violation of Article I, Section 2 and Article XI Section 5 of the Texas Constitution as well as a violation of the First and Fourteenth Amendments of the United States Constitution.

4. The City of San Marcos has filed a hysterical and punitive lawsuit against the Defendants, and made allegations that are known to the City to be false. San

2

000057

Marcos has asked the Court to award it attorney's fees for the costs San Marcos has incurred filing suit against Defendants.

5. Communities and Kathleen O'Connell as Counterclaimants seek a writ of mandamus and injunction ordering the Counter-Defendant to place the charter amendment on the ballot for the November 3, 2015 election. They also seek related declaratory relief.

6. Under the authority of §37.008 of the Texas Civil Practice and Remedies Code, Counterclaim Plaintiffs hereby sue to recover their costs and reasonable and necessary attorney's fees in both the trial of this case and in connection with any subsequent appeal.

7. Counterclaimants seek monetary relief of $100,000 or less and nonmonetary injunctive, declaratory and mandamus relief.

8. The Texas Election Code requires general elections to be ordered not later than the 71st day before Election Day. Applied here, the deadline for San Marcos to order an election for the proposed Charter amendments is August 24, 2015.

9. For this reason, expedited consideration is requested.

**II.**
**PARTIES**

10. Counterclaimant Communities for Thriving Waters Fluoride-Free San Marcos is an association created to cause Counter-Defendant San Marcos to stop adding fluoride to its public water supply. Communities submitted the Petition to amend the San Marcos charter to prohibit fluoridation. Most of

3

000058

Communities members are residents of San Marcos, registered and qualified voters, and have signed the Petition. Most of the members of Communities wish to vote for the Charter amendment in an election. Most of the members are customers of San Marcos' public water system. San Marcos initiated the instant lawsuit by filing suit against Communities.

11. Counterclaimant Kathleen O'Connell is a member of Communities and has submitted the Petition to San Marcos and she has been sued by San Marcos for doing so. San Marcos initiated the instant lawsuit by filing suit against Kathleen O'Connell.

12. Counter-Defendant City of San Marcos is a home rule Texas City and is represented by the City Attorney in this lawsuit. San Marcos is the initial Plaintiff in this lawsuit, having sued its citizens for submitting a City Charter Amendment petition and asking the Court to judge these citizens liable for the attorney's fees resulting from the City's lawsuit.

### III.
### JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction pursuant to Texas Civil Practice and Remedies Code section 32.003, Texas Government Code section 24.008, and Article V, section 8 of the Texas Constitution.

14. Venue is proper in Hays County, Texas, under Sections 15.002 and 15.004 of the Texas Civil Practice and Remedies Code.

### IV.

4

000059

15. Counterclaimants are aware of scientific research indicating that fluoridation of the public water supply is detrimental to human health. Hundreds of cities agree and have decided to stop adding fluoride to their public drinking water. Among the Texas cities that have stopped adding fluoride to their waters are: College Station, Alamo Heights, Elgin, and Lago Vista. Other cities who no longer fluoridate their public water supply include Albuquerque, New Mexico; Honolulu, Hawaii; Colorado Springs, Colorado; Spokane, Olympia, and Bellingham, Washington; Davis, Redding, Santa Barbara, and Santa Cruz, California; Portland, Oregon; Fairbanks and Juneau, Alaska; and Quebec City, Windsor, and Calgary, Canada.

16. The City of College Station estimated a savings to its taxpayers of about $40,000 attributable to the discontinuation of fluoridation.

17. Counterclaimants began discussions with San Marcos city officials in the year 2013 in an attempt to convince them to discontinue fluoridation of San Marcos water.

18. On August 13, 2013, the San Marcos Executive Director of Public Services, Tom Taggart, sent a memo to the San Marcos Mayor, City Council, and City Clerk summarizing the requests being made by Counterclaimants. Among other things, the Mayor, City Council, and City Clerk were informed by their staff that Counterclaimant O'Connell's and Communities' goal was to "cease fluoridation of the drinking water supply in San Marcos" and to stop "the

5

addition of fluoride to the Public Drinking water supply." Mr. Taggart also informed the Mayor, City Council and City Clerk that Counterclaimants wished to see the "Fluoride feed equipment."

19.     On August 13, 2013, the San Marcos Executive Director of Public Services also informed the Mayor, City Council, and City Clerk that "a policy change could result in the discontinuation of the treatment at any time" and that the effect on the budget would be a savings in the annual cost to San Marcos of fluoridation which amounted to $14,000.

20.     Counterclaimants have never asked San Marcos to remove naturally-occurring fluoride in the drinking water.

21.     On April 2, 2015, Counterclaimants submitted to San Marcos a Petition with over 2,000 signatures for a Charter Amendment to be placed on the ballot for the consideration of voters. Counterclaimants pre-verified that at least 1,634 of these signatures were of valid San Marcos voters. This number of voters significantly exceeds 5% of the number of San Marcos registered voters.

22.     If approved by the voters, the Charter Amendment would preclude San Marcos from adding fluoride to its public water supply. The Petition was titled a "PETITION to BAN FLUORIDATION in CITY OF SAN MARCOS WATER." The Charter language proposed by the Petition read:

> The City of San Marcos … shall not fluoridate the public water supply or accept any fluoridated water for use in the San Marcos water system, including but not limited to the addition of Hydrofluorosilicic Acid, Hexafluorosilicic Acid, Sodium Silicofluoride, or any other fluoride derivative. The City of San

6

000061

Marcos shall not purchase, install, or allow the installation of fluoridation equipment to be used in relation to the San Marcos municipal water supply or its distribution system.

23. Nowhere in the Petition was there any request or requirement that San Marcos remove naturally-occurring fluoride that sometimes is found in its source of water.

24. On April 7, 2015, Counterclaimant O'Connell and Defendant Brannon met with San Marcos City Manager Jared Miller. Mr. Miller asked multiple questions about removing naturally-occurring fluoride. O'Connell and Brannon responded to each of his questions, explaining carefully that neither they nor Communities, nor the Petition ever mentioned or requested that naturally-occurring fluoride be removed from San Marcos water.

25. The San Marcos City Clerk refused to even count the signatures on the Petition submitted to her. On May 6, she announced that "none of the petition papers contains an oath or affirmation [and therefore] none of the signatures may be counted."

26. On May 18, Communities and O'Connell sent a letter to the Mayor and City Council of San Marcos asking them to place the Charter amendment measure on the ballot as required by section 9.004(a) of the Texas Local Government Code.

27. This request was again made on June 16, 2015.

7

28. Counterclaimants made demand on the City of San Marcos to submit the proposed charter amendment to the voters as required by section 9.004(a) of the Texas Local Government Code. But the City of San Marcos has refused.

29. On or about June 18, 2015, the City of San Marcos filed suit against Counterclaimants, Sam Brannon, and Morgan Knecht seeking declaratory relief and a judgment asking Kathleen O'Connell, Sam Brannon, Morgan Knecht, and Communities for Thriving Waters – Fluoride Free San Marcos to pay the City's attorney's fees.

30. The City seeks a declaration validating the position it took with regard to the alleged oath or affidavit requirement for City charter petitions.

31. The City also alleged that the Petitioned charter amendment

> would prohibit the City of San Marcos from accepting …
> naturally fluoridated surface water and groundwater … forcing
> the City to find, finance and develop a new raw water supply or to
> design and install equipment at its surface water treatment plant
> and ground water wells in an attempt to remove all fluoride
> derivatives….

San Marcos further alleged that the cost to the City of doing this would exceed $97 million.

32. As a result of the filing of this lawsuit, these knowingly false allegations have been repeated by the news media as if they were true.

33. The effect of these legally and factually baseless claims has been to cast the Counterclaimants and their work in a false light, harm their reputations, and

8

000063

falsely prejudice the voters of San Marcos against this proposed Charter amendment.

## V.
## MANDAMUS

34.     Counterclaimants submitted to Counterdefendant City of San Marcos a Petition for a Charter amendment containing more than 1,634 valid signatures of qualified voters of the City of San Marcos, pursuant to section 277.002(a) of the Texas Election Code and section 9.004(a) of the Texas Local Government Code.

35.     The number of these qualified signatures exceeded the requirements of section 9.004(a).  Five percent of the number of qualified San Marcos voters is approximately 964.

36.     "When the requisite number of qualified signatures sign such a petition, the municipal authority must put the measure to a popular vote." *Blume v. Lanier*, 997 S.W.2d 259, 262 (Tex. 1999).

37.     The City of San Marcos had a non-discretionary ministerial duty to put the Charter amendment requested by the Petition on the ballot.

38.     By refusing to place the Charter amendment on the ballot, San Marcos abused its discretion.

39.     Counterclaimants are entitled to immediate mandamus relief.  Without the issuance of a mandamus, Counterclaimants may not have a remedy at law.

9

000064

# VI.
## INJUNCTION AGAINST VIOLATIONS
## OF ART. I, § 2 AND ART. IX, § 5 OF THE TEXAS CONSTITUTION

40. The city charter petition process implements Article I, section 2 of the Texas Bill of Rights, which states that "All political power is inherent in the people." *Green v. City of Lubbock*, 627 S.w.2d 868, 871 (Tex. App. – Amarillo 1982, writ ref'd n.r.e.).

41. The system of petitioning for a charter amendment "has its historical roots in the people's dissatisfaction with officialdom's refusal to enact laws." *Green*, 627 S.W.2d at 871. It is "the exercise by the people of a power reserved to them." *Taxpayers' Ass'n of Harris County v. City of Houston*, 105 S.W.2d 655, 657 (Tex. 1937).

42. As a matter of constitutional law, all rights relating to submitting petitions for a vote on a charter amendment should be liberally construed in favor of the power reserved to the people. *Taxpayers' Ass'n*, 105 S.W.2d at 657.

43. The law has long been that city charter requirements for amending a charter by petition are different than the requirements for passing ordinances by initiative and referendum. *See Edwards v. Murphy*, 256 S.W.2d 470 (Tex. Civ. App. – Fort Worth 1953, dism'd).

44. The San Marcos City Charter has only one section, 12.11, expressly defining the process for amending the City Charter. It is titled "Amending the City Charter" and reads in its entirety:

10

000065

> Amendments to this Charter may be framed and submitted to the voters of the City in the manner provided by <u>state</u> law.

(emphasis supplied).

45. This section 12.11 Charter provision is consistent with Art. XI § 5 of the Texas Constitution which says the "amendment of charters is subject to such limitations as may be prescribed by the Legislature."

46. San Marcos has transgressed this constitutional provision by imposing signature validation requirements that are more onerous than what is specifically prescribed by the Legislature – e.g. which are more restrictive than and not consistent with Election Code section 277.002(a).

47. With respect to the Counterclaimants' fluoridation petition, San Marcos has taken the position that the criteria for establishing the validity of Charter amendment petitions is not found in state law, but rather in a section of the San Marcos Charter, section 6.03, which is not even mentioned by the Charter section 12.11 entitled "Amending the City Charter." Section 6.03 references petitions for ordinances rather than Charter amendments.

48. Because the submission of signatures verified under oath is required to place a citizen-initiated ordinance on the ballot, San Marcos takes the position that a similar oath or verification is required for a petition to amend the Charter.

49. By adding this onerous requirement that State statutes do not prescribe, San Marcos violates Art. XI, § 5 of the Texas Constitution. By imposing onerous oath and verification requirements for signatures on petitions to amend the City

11

Charter, San Marcos is diminishing the powers reserved to the people in violation of Article I, section 2 of the Texas Constitution.

50.     San Marcos has violated Counterclaimants' constitutional rights by failing and refusing to count the signatures on the submitted P for tition, and by failing and refusing to place Counterclaimants' petitioned Charter Amendment on the November 3, 2015 election ballot.

51.     The City's failure to count the signatures on the Petition and its failure to place the Charter Amendment on the ballot before August 24, 2014 tends to render any other judgment for declaratory relief ineffectual.

52.     Counterclaimants are entitled to injunction under principles of equity and the law of Texas relating to injunctions.

53.     Without injunctive relief, Counterclaimants will suffer irreparable injury by: losing their right to vote on a Charter Amendment on November 3, 2015; losing their rights to associate with others for the purpose of securing passage of the proposed charter amendment on November 3, 2015; and all value of their petition which was created, circulated and secured at great dedication of irreplaceable time and significant cost.

54.     Counterclaimants' losses cannot be recovered in damages against San Marcos because: a) San Marcos retains sovereign immunity from suits for damages; and b) these losses cannot be fully measured by any certain pecuniary standard.

55.     Counterclaimants ask that San Marcos be enjoined from denying their Constitutional right to seek amendment of the Charter by petition and that San

12

000067

Marcos be ordered to place Counterclaimants' Charter amendment regarding fluoride on the ballot. *See Andrade v. NAACP of Austin*, 345 S.W.3d 1 (Tex. 2011).

**VII.**
**DECLARATORY RELIEF**

56.    Pleading in the alternative, if as San Marcos contends, City Charter section 6.03 and/or Texas Election Code section 277.004 are correctly interpreted to require Counterclaimants to submit charter petitions that are affirmed under oath in order to establish the right to get a proposed charter amendment on the ballot, Counterclaimants seek a declaration pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code that section 6.03 and section 277.004 as applied to Counterclaimants are invalid as inconsistent with the First and Fourteenth Amendments to the United States Constitution.

57.    There is no indication of fraud or invalidity of the 1,634 already-verified signatures that were submitted. In this context, to require these signatures to be submitted under oath would serve no rational purpose. A requirement for an oath or affirmation is not narrowly tailored to advance a compelling state interest.

58.    Counterclaimants in addition seek a declaration that an ordinance putting the anti-fluoride charter amendment on the ballot would be valid.

000068

59. Counterclaimants in addition seek recovery from San Marcos of attorney's fees and costs incurred before this Court and any appellate court pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code.

## PRAYER

For the reasons given above, Counterclaimants Communities for Thriving Waters – Fluoride-Free San Marcos and Kathleen O'Connell respectfully ask the Court to grant them the following: a writ of mandamus and injunction ordering Counter-Defendant City of San Marcos to place Counterclaimants' proposed Charter amendment on the November 3, 2015 election ballot. Additionally, but only in the event that the Court agrees with San Marcos' contention that City Charter section 6.03 and Texas Election Code section 277.004 require Charter Petition signatures to be verified under oath, Counterclaimants seek a declaration that Charter section 6.03 and Texas Election Code section 277.004 are invalid as applied to Counterclaimants' petition; attorney's fees under Texas Civil Practice and Remedies Code section 37.008; and any other relief to which they may be entitled.

Respectfully submitted,

/s/ Brad Rockwell
Brad Rockwell
SBT No. 17129600

FREDERICK, PERALES,
ALLMON & ROCKWELL, P.C.
707 Rio Grande St., Ste. 200
Austin, Texas 78701
(512) 469-6000

14

000069

(512) 482-9346 facsimile
brad@LF-lawfirm.com

ATTORNEYS FOR KATHLEEN
O'CONNELL AND
COMMUNITIES FOR
THRIVING WATER –
FLUORIDE FREE SAN
MARCOS

15

000070

**CERTIFICATE OF SERVICE**

By my signature, below, I certify that on August 4, 2015, a true and correct copy of the foregoing document was served upon counsel to all parties City of San Marcos *via* e-service e-mail in accordance with the Texas Rules of Civil Procedure

/s/ Brad Rockwell
Brad Rockwell

**FOR THE CITY OF SAN MARCOS:**
Michael J. Cosentino
San Marcos City Attorney
630 East Hopkins
San Marcos, Texas 78666
(512) 393- 8151
(855) 759- 2846 facsimile
mcosentino@sanmarcostx.gov

**FOR SAM BRANNON:**
Lynn Peach
174 S. Guadalupe Street, No. 101
(512) 393-9991
(888) 428-0468 facsimile
lynn@lynnpeachlaw.com

**FOR MORGAN KNECHT:**
Craig Young
108 E. San Antonio St.
San Marcos, Texas 78666
(512) 847-7809
(512) 353-1219 facsimile
cyoung@lawyer.com

000071